## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF SHA'ARABANY, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:25-cv-02490-RCL |
| UNITED NATIONS RELIEF AND WORKS AGENCY FOR PALESTINE REFUGEES IN THE NEAR EAST (UNRWA), *et al.*, | **Oral Argument Requested** |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## DEFENDANT UNRWA'S MOTION TO DISMISS

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

Kevin A. Meehan (D.C. Bar No. 1613059)
Marwa Farag (D.C. Bar No. 90006158)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
kmeehan@curtis.com
mfarag@curtis.com

*Attorneys for Defendant United Nations Relief and Works Agency for Palestine Refugees in the Near East*

Dated: Washington, D.C.
       January 7, 2026

## TABLE OF CONTENTS

**Page(s)**

**TABLE OF AUTHORITIES** ................................................................................................. ii

**PRELIMINARY STATEMENT** .......................................................................................... 1

**BACKGROUND** ................................................................................................................... 2

**ARGUMENT** ......................................................................................................................... 4

I.    Plaintiffs Cannot Satisfy Their Burden of Establishing Subject Matter Jurisdiction.............. 4

II.   UNRWA Is Immune and Therefore This Case Must Be Dismissed for Lack of Subject Matter Jurisdiction ......................................................................................................... 5

III.  This Case Must Be Dismissed for Lack of Personal Jurisdiction ........................................... 9

**CONCLUSION** .................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bisson v. UN*,
No. 06 Civ. 6352, 2007 Dist. LEXIS 54334 (S.D.N.Y. July 27, 2007).......................... 7

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
581 U.S. 170 (2017)........................................................................................... 5

*Broidy Capital Mgmt. LLC v. Benomar*,
944 F.3d 436 (2d Cir. 2019) ............................................................................... 5

\*   *Brzak v. UN*,
597 F.3d 107 (2d Cir. 2010)......................................................................... 4, 6, 9

*Brzak v. UN*,
551 F. Supp. 2d 313 (S.D.N.Y. 2008) ................................................................. 4

\*   *Est. of Siman Tov v. United Nations Relief & Works Agency*,
No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025) ........ passim

*Exxon Mobil Corp. v. Corp. Cimex, S.A.*,
111 F.4th 12 (D.C. Cir. 2024)............................................................................. 8

*Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries (OPEC)*,
766 F.3d 74 (D.C. Cir. 2014)............................................................................. 10

*Georges v. UN*,
84 F. Supp. 3d 246 (S.D.N.Y. 2015) .................................................................... 5

\*   *Georges v. UN*,
834 F.3d 88 (2d Cir. 2016)......................................................................... 4, 5, 6

*In re Hunter v. UN*,
800 N.Y.S.2d 347 (N.Y. Sup. Ct. 2004) ............................................................... 7

*Jam v. Int'l Fin. Corp.*,
586 U.S. 199 (2019)........................................................................................... 9

*Laventure v. UN*,
279 F. Supp. 3d 394 (E.D.N.Y. 2017) ............................................................... 5, 6

*Laventure v. UN*,
746 F. App'x 80 (2d Cir. 2018) .......................................................................... 5

*Lempert v. Rice*,
   618 F. App'x 3 (D.C. Cir. 2015)..................................................................................... 4

\* *Lempert v. Rice*,
   956 F. Supp. 2d 17 (D.D.C. 2013) ........................................................................ 4, 5, 6

*Process & Indus. Devs. v. Federal Republic of Nigeria*,
   962 F.3d 576 (D.C. Cir. 2020)..................................................................................... 5

*Rosenberg v. Pasha*,
   577 F. App'x 22 (2d Cir. 2014) ................................................................................... 5

*Sadikoğlu v. UN Dev. Programme*,
   No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011) .......................... 6

**Statutes**

International Organizations Immunities Act,
   22 U.S.C. § 288 et seq .................................................................................................. 1

**Treaties**

\* Convention on the Privileges and Immunities of the United Nations,
   Feb. 13, 1946, 21 U.S.T. 1422 ........................................................................... 1, 5, 8, 9

\* UN Charter, 59 Stat. 1031........................................................................................ 5, 7

**Rules**

Fed. R. Civ. P. 12(b) ............................................................................................ 5, 9, 10

**UN Documents**

G.A. Res. 1018 (XI) (Feb. 28, 1957) ........................................................................... 8

G.A. Res. 1191 (XII) (Dec. 12, 1957) .......................................................................... 8

G.A. Res. 1315 (XIII) (Dec. 12, 1958) ......................................................................... 8

G.A. Res. 1456 (XIV) (Dec. 9, 1959) .......................................................................... 8

G.A. Res. 302 (IV) (1949) .......................................................................................... 7

G.A. Res. 513 (VI) (Jan. 26, 1952).............................................................................. 8

G.A. Res. 63/93 (Dec. 5, 2008).................................................................................... 8

G.A. Res. 78/73 (Dec. 11, 2023).................................................................................. 9

G.A. Res. ES-10/25 (Dec. 11, 2024)................................................................................ 9

Secretary-General's Bulletin, Organization of the United Nations Relief and Works Agency for
    Palestine Refugees in the Near East, UN Doc. ST/SGB/2000/6 (Feb. 17, 2000)....................... 7

UN Secretariat, *Memorandum to the Legal Adviser,*
    *United Nations Relief and Works Agency for Palestine Refugees in the Near East*,
    1984 UN Jurid. Y.B. 157, UN Doc. ST/LEG/SER.C/22 .......................................... 9

**Other Authorities**

*Obligations of Israel in relation to the Presence and Activities of the United Nations, Other*
    *International Organizations and Third States in and in relation to the Occupied Palestinian*
    *Territory*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22)................................................. 8

**Executive Orders**

Exec. Order No. 9698, 11 Fed. Reg. 1809 (Feb. 19, 1946) ........................................... 9

Defendant United Nations Relief and Works Agency for Palestine Refugees in the Near East ("UNRWA") submits this memorandum of points and authorities in support of the Motion to Dismiss for lack of subject matter jurisdiction, personal jurisdiction and improper service of process pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4) and (5).

## PRELIMINARY STATEMENT

Plaintiffs claim that they or their relatives are victims of various terrorist attacks perpetrated abroad by Hamas and Hezbollah since 2015, including the Hamas terrorist attacks on October 7, 2023. But Hamas and Hezbollah are not named as defendants in this case. Nor is any person who planned or carried out any terrorist attacks. Instead, Plaintiffs seek to hold UNRWA, a subsidiary organ of the United Nations ("UN"), liable for these terrorist attacks on the theory that Hamas and Hezbollah have indirectly benefited from the humanitarian aid provided by UNRWA to the Palestinian people in accordance with its mandate. This case must be dismissed with prejudice for lack of subject matter jurisdiction on threshold immunity grounds.

UNRWA is entitled to absolute immunity from the jurisdiction of domestic courts under the UN Charter, the Convention on the Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1422 ("CPIUN") and the International Organizations Immunities Act, 22 U.S.C. § 288 et seq. ("IOIA"). UNRWA's entitlement to immunity is confirmed by U.S. case law—including a recent decision dismissing an indistinguishable case with prejudice on immunity grounds, *Est. of Siman Tov v. United Nations Relief & Works Agency* (*"Siman Tov"*), No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025). It is further confirmed by a recent decision by the International Court of Justice and numerous General Assembly resolutions passed since UNRWA's creation many decades ago. Plaintiffs do not address any of these authorities. In fact, the Amended Complaint does not even mention

immunity. Plaintiffs do not allege any express waiver of immunity in this case as required to abrogate UNRWA's absolute immunity under the CPIUN. Nor could they. The UN Secretary-General has asserted immunity on behalf of UNRWA. Thus, in view of UNRWA's absolute jurisdictional immunity, Plaintiffs cannot satisfy their burden of establishing subject matter jurisdiction. This case must therefore be dismissed with prejudice.

## BACKGROUND

UNRWA was established in 1949 by the UN General Assembly pursuant to UN General Assembly Resolution 302 (IV) (1949). Am. Compl. ¶ 205. UNRWA provides humanitarian relief and education, healthcare, and other social services to Palestinians located in Gaza, the West Bank, Jordan, Lebanon, and Syria. *Id.* ¶¶ 18, 20, 205, 217, 232-34. UNRWA provides these services to over 5 million Palestinians and employs a staff of over 30,000 people. *Id.* ¶ 232. "In Gaza alone, UNRWA operates 183 schools, staffed by over 9,400 employees, and serving over 287,000 students." *Id.* ¶ 233.

Plaintiffs are U.S. citizens who claim that they or their relatives are victims of acts of terror by Hamas and Hezbollah. Am. Compl. ¶ 7. Both Hamas and Hezbollah have been designated by the U.S. government as Foreign Terrorist Organizations, and Plaintiffs allege that Hamas has governed Gaza since an election in 2006. *Id.* ¶¶ 238, 251, 363. Most Plaintiffs claim that they or their relatives are victims of the October 7 attacks perpetrated by Hamas or the subsequent war between Israel and Hamas. *Id.* ¶¶ 25-122, 128-56. Many of these Plaintiffs allegedly suffered emotional damage by virtue of being in the "zone of danger" or otherwise witnessing the October 7 attacks. *Id.* ¶¶ 63-65, 67-83, 85-88, 109-12, 150-56. Some Plaintiffs allege that they or their relatives were soldiers who were killed or injured while serving in the Israeli Defense Forces during the October 7 attacks or the ensuing war between Israel and

Hamas. *Id.* ¶¶ 28-62, 90, 92-100, 106-08, 143-46, 157-60. Some Plaintiffs allege that they or their relatives were victims of Hamas terrorist attacks between 2015 and 2018. *Id.* ¶¶ 175-201. Others allege that they or their relatives were victims of a Hezbollah rocket launched in a Hamas terror attack in 2024. *Id.* ¶¶ 123-27.

Plaintiffs allege that UNRWA "has received a significant share of its funding from the U.S. government" and that "the funds from the U.S. are . . . a material source of support for Hamas." Am. Compl. ¶ 16. The Amended Complaint does not allege a single payment from UNRWA to Hamas or Hezbollah. Instead, Plaintiffs argue that Hamas and Hezbollah have indirectly benefited from UNRWA's provision of education, healthcare and humanitarian aid in Gaza and Lebanon. For instance, Plaintiffs allege that Hamas benefited from the salaries that UNRWA paid its local employees because those local employees may have used third-party currency traders controlled by Hamas. *Id.* ¶¶ 312-18. Plaintiffs also complain that UNRWA officials have met with Hamas officials in regards to UNRWA's activities in Gaza— i.e. UNRWA's operation of schools and hospitals and provision of humanitarian aid. *Id.* ¶¶ 262-63. Similarly, Plaintiffs complain that UNRWA relies on the "de facto authority in Lebanon", Hezbollah, for "safe access to refugee camps" so that UNRWA may continue to carry out its mandate. *Id.* ¶¶ 379-80.

Plaintiffs further complain that UNRWA has cemented the view among Palestinians that they have territorial rights. *Id.* ¶ 216. Plaintiffs assert that "UNRWA's portrayal of Palestinian suffering" and its "framing the Palestinian refugee situation as an unresolved humanitarian crisis . . . indirectly legitimizes HAMAS's resistance by keeping international focus on the refugee issue." *Id.* ¶ 230. In a similar vein, Plaintiffs also assert that UNRWA's extension of refugee status to descendants of Palestinian refugees "reinforces a sense of displacement and grievance

that HEZBOLLAH exploits" simply by agreeing with UNRWA on the refugee status of such descendants. *Id.* ¶ 374. Plaintiffs also allege that UNRWA-run schools in Gaza and Lebanon have an anti-Semitic curriculum and that UNRWA does not invest in textbooks that recognize Israel's territorial rights over Gaza. *Id.* ¶¶ 217, 220-21, 228, 231, 376.

Regarding UNRWA facilities and employees, Plaintiffs allege that, "[a]ccording to Israeli authorities," Hamas has stored weapons in UNRWA facilities and constructed tunnels underneath UNRWA facilities. *Id.* ¶ 287. Plaintiffs further allege that UNRWA has failed to stop such misuse of its facilities. *Id.* ¶ 229, 397. Plaintiffs allege that UNRWA's local staff in Gaza and in Lebanon are influenced by Hamas and its supporters, including Hezbollah. *Id.* ¶¶ 227, 377, 393. Plaintiffs allege that the Israeli government provided UNRWA with evidence that some teachers in UNRWA schools and UNRWA staff were involved in the October 7 attacks. *Id.* ¶ 350. The Amended Complaint nevertheless acknowledges that an independent investigation of those allegations by French diplomat Catherine Colonna found that UNRWA was not involved in the October 7 attacks. *Id.* ¶ 354.

## ARGUMENT

### I.    Plaintiffs Cannot Satisfy Their Burden of Establishing Subject Matter Jurisdiction

Courts lack subject matter jurisdiction where, as here, a defendant is entitled to immunity. *See Lempert v. Rice*, 956 F. Supp. 2d 17, 24 (D.D.C. 2013), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015); *see also Georges v. UN*,834 F.3d 88, 98 (2d Cir. 2016); *Brzak v. UN*, 551 F. Supp. 2d 313, 318-20 (S.D.N.Y. 2008), *aff'd*, 597 F.3d 107 (2d Cir. 2010). UNRWA is entitled to absolute immunity under the UN Charter, the CPIUN, and the IOIA. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *24. Where, as here, the UN has asserted immunity for itself, its subsidiary organs, or its employees, courts have uniformly held that plaintiffs bear the burden of

- 4 -

establishing subject matter jurisdiction. *See id.* at \*14; *Lempert*, 956 F. Supp. 2d at 22 (D.D.C.); *see also Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 (2d Cir. 2019); *Rosenberg v. Pasha*, 577 F. App'x 22, 23 (2d Cir. 2014); *Georges v. UN*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Laventure v. UN*, 279 F. Supp. 3d 394, 398 (E.D.N.Y. 2017), *aff'd*, 746 F. App'x 80 (2d Cir. 2018). Here, the Amended Complaint does not even mention UNRWA's immunity – much less offer any arguments for abrogating immunity. Accordingly, this case must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1]

## II.    UNRWA Is Immune and Therefore This Case Must Be Dismissed for Lack of Subject Matter Jurisdiction

"UNRWA enjoys absolute immunity" from the jurisdiction of U.S. courts under the UN Charter and the CPIUN. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at \*24. Article 105(1) of the UN Charter established the UN's immunities by providing that the UN "shall enjoy in the territory of each of its Members such privileges and immunities as are necessary for the fulfillment of its purposes." UN Charter, art. 105, ¶ 1. Section 2 of the CPIUN states that the United Nations "shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity." CPIUN, art. II, § 2. Section 2 of the CPIUN confers absolute immunity on the UN. *See Lempert*, 956 F. Supp. 2d at 23 (citing *Brzak*

---

[1] Jurisdictional immunity is a threshold question that must be conclusively decided through an interlocutory appeal at the outset before addressing the merits of the case. *See Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.,* 581 U.S. 170, 174, 187 (2017); *Process & Indus. Devs. v. Federal Republic of Nigeria*, 962 F.3d 576, 584 (D.C. Cir. 2020); *see also Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at \*10. UNRWA's motion asserts a facial challenge to jurisdiction and thus does not challenge the factual allegations of the Amended Complaint for purposes of this motion. UNRWA does not admit any allegations and reserves the right to challenge them as well as the right to seek dismissal on the merits.

*v. UN*, 597 F.3d 107, 111 (2d Cir. 2010)).  The United States ratified the CPIUN, and it is

binding law in U.S. courts.  *See Brzak*, 597 F.3d at 111.

Here, the Amended Complaint does not mention immunity or the CPIUN.  Plaintiffs do

not allege any waiver of immunity.  Nor could they.  There has been no express waiver of

UNRWA's immunity.  Rather, immunity has been asserted by the United Nations Secretary-

General.  Accordingly, this case must be dismissed with prejudice.

While Plaintiffs ignore the issue of immunity entirely, the Amended Complaint vaguely

asserts that UNRWA is not an organ of the UN and is, instead, "distinct" from the UN.  Am.

Compl. ¶¶ 205, 209, 219.  Whatever significance Plaintiffs intend to ascribe to this unsupported

allegation, it is simply wrong.  UNRWA is a subsidiary organ of the UN and is thus entitled to

absolute immunity under the CPIUN.  *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *24.

As an initial matter, there is no question that the absolute immunity conferred under

Article 2 of the CPIUN extends to the UN's subsidiary organs, such as UNRWA.  Indeed, courts

have uniformly dismissed cases against the UN and its subsidiary organs—including UNRWA—

on immunity grounds under the CPIUN.  *See id.*; *see also Lempert*, 956 F. Supp. 2d at 24 ("as a

subsidiary program of the UN that reports directly to the General Assembly, the UNDP [UN

Development Programme] also enjoys immunity under the Convention"); *Sadikoğlu v. UN Dev.

Programme*, No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205, at *9 (S.D.N.Y. Oct. 14, 2011)

(holding that the "UNDP— as a subsidiary program of the UN" is immune from suit under the

CPIUN); *Georges*, 834 F.3d at 90 (holding that the UN Stabilization Mission in Haiti

("MINUSTAH") and its officials are immune); *Laventure*, 279 F. Supp. 3d at 400 ("As a UN

subsidiary, MINUSTAH enjoys the same privileges and immunities as the UN under the

CPIUN"); *Bisson v. UN*, No. 06 Civ. 6352, 2007 Dist. LEXIS 54334, at *18, *25 (S.D.N.Y. July

27, 2007) (holding that the World Food Programme ("WFP") as a "subsidiary organ" of the UN is immune under the CPIUN); *In re Hunter v. UN*, 800 N.Y.S.2d 347, 347 (N.Y. Sup. Ct. 2004) (holding that the UN Children's Fund ("UNICEF") is immune).

Moreover, contrary to Plaintiffs' unsupported assertions, UNRWA is a subsidiary organ of the UN General Assembly and an integral part of the UN. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *12, *18, *21. UNRWA's status as a subsidiary organ of the UN is compelled by the legal structure governing the UN and UNRWA. Article 7 of the UN Charter recognizes that the UN encompasses both "principal organs" and "subsidiary organs," and Article 22 states that "[t]he General Assembly may establish such subsidiary organs as it deems necessary for the performance of its functions." UN Charter, arts. 7, 22. The General Assembly exercised its powers under Article 22 to establish UNRWA as a subsidiary organ. *See* UN General Assembly Resolution 302 (IV) (1949); *see also* Secretary-General's Bulletin, Organization of the United Nations Relief and Works Agency for Palestine Refugees in the Near East, UN Doc. ST/SGB/2000/6 (Feb. 17, 2000) ("The United Nations Relief and Works Agency for Palestine Refugees in the Near East (UNRWA) was established as a subsidiary organ of the United Nations under General Assembly resolution 302 (IV) of 8 December 1949, in accordance with Article 22 of the Charter of the United Nations.").

*Siman Tov* is directly on point. In *Siman Tov*, the plaintiffs asserted claims seeking to hold UNRWA liable for the October 7 terrorist attacks perpetrated by Hamas based on allegations substantially similar to those in the Amended Complaint here. *See* 2025 U.S. Dist. LEXIS 194505, at *5-7. The court held that the plain and unambiguous language of the CPIUN grants absolute immunity to UNRWA as a subsidiary organ of the UN. *See id.* at *24-25. *Siman Tov* rejected the plaintiffs' arguments seeking to create novel exceptions to the absolute

immunity conferred upon subsidiary organs under the CPIUN. *See id.* at *16-24. Instead, the court dismissed the case in its entirety with prejudice for lack of subject matter jurisdiction. *Id.* at *40. This Court should follow *Tov* and the unbroken line of cases dismissing the UN's subsidiary organs on immunity grounds with prejudice.

In addition, the International Court of Justice ("ICJ") recently issued an opinion explicitly confirming that UNRWA is a subsidiary organ of the UN entitled to immunity under the CPIUN. *Obligations of Israel in relation to the Presence and Activities of the United Nations, Other International Organizations and Third States in and in relation to the Occupied Palestinian Territory*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22).[2]  The ICJ explained that "UNRWA, *as a subsidiary organ of the United Nations*, has been entrusted by the General Assembly to provide direct relief and work programmes for Palestine refugees." *Id*. at ¶ 177 (emphasis added). The ICJ further explained that UNRWA is entitled to immunity under the CPIUN. *Id*. at ¶ 186. The ICJ is responsible for settling disputed interpretations of the CPIUN, *see* CPIUN, art. VIII, § 30, and its opinions "are 'accorded great weight' in understanding the content of international law". *See Exxon Mobil Corp. v. Corp. Cimex, S.A.*, 111 F.4th 12, 27 (D.C. Cir. 2024).

Finally, several resolutions of the General Assembly expressly confirm that UNRWA, "as a subsidiary organ of the United Nations, enjoys the benefits of the [CPIUN]." G.A. Res. 1456 (XIV), at 8 (Dec. 9, 1959); *see also* G.A. Res. 513 (VI), ¶ 3 (Jan. 26, 1952); G.A. Res. 1018 (XI), at 6-7 (Feb. 28, 1957); G.A. Res. 1191 (XII), at 8-9 (Dec. 12, 1957); G.A. Res. 1315 (XIII), at 9 (Dec. 12, 1958); G.A. Res. 63/93, ¶ 12 (Dec. 5, 2008); G.A. Res. 78/73, ¶ 39 (Dec.

---

[2]  https://www.icj-cij.org/sites/default/files/case-related/196/196-20251022-adv-01-00-en.pdf.

11, 2023); G.A. Res. ES-10/25, at ¶¶ 2, 10, 12, 14 (Dec. 11, 2024).[3]  Legal opinions of the UN

Office of Legal Affairs further confirm that UNRWA is entitled to immunity under the CPIUN.

*See, e.g.*, UN Secretariat, *Memorandum to the Legal Adviser, United Nations Relief and Works

Agency for Palestine Refugees in the Near East*, 1984 UN Jurid. Y.B. 157, 188-89, UN Doc.

ST/LEG/SER.C/22.

### III.    This Case Must Be Dismissed for Lack of Personal Jurisdiction

While Plaintiffs purport to have served UNRWA, the UN has objected to the attempt to

serve UNRWA on the grounds that UNRWA is immune from service of process and the UN has

not waived any such immunity.  Indeed, pursuant to Section 2 of the CPIUN, UNRWA enjoys

absolute "immunity from every form of legal process."  CPIUN, art. II, § 2.  The CPIUN further

provides that the "premises of the United Nations shall be inviolable" and therefore the premises

of UNRWA, as a subsidiary organ of the UN, are equally inviolable.  CPIUN, art. II, § 3.  Thus,

UNRWA is immune from service of process absent a waiver of such immunity by the UN.  *See

id.*

Because any purported attempt to serve UNRWA was improper and ineffective, dismissal

is required under Federal Rules of Civil Procedure 12(b)(4)-(5).  Furthermore, the exercise of

personal jurisdiction requires valid service of process.  *See Freedom Watch, Inc. v. Org. of the*

---

[3] The IOIA provides immunity to designated international organizations, including the UN.  In
1946, President Truman designated the UN as an international organization under the IOIA.  *See*
Exec. Order No. 9698, 11 Fed. Reg. 1809 (Feb. 19, 1946).  UNRWA, as a subsidiary organ of
the UN, is entitled to immunity under the IOIA.  Furthermore, in 1970, the U.S. acceded to the
CPIUN.  From that point forward, UNRWA was entitled to absolute immunity under Section 2
of the CPIUN without regard for whatever immunities may be conferred under the IOIA.  *See
Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 214 (2019); *see also Brzak*, 597 F.3d at 112 ("whatever
immunities are possessed by other international organizations [under the IOIA], the CPIUN
unequivocally grants the United Nations absolute immunity without exception.").

*Petroleum Exporting Countries (OPEC)*, 766 F.3d 74, 78 (D.C. Cir. 2014). Accordingly,

UNRWA must also be dismissed for lack of personal jurisdiction under Federal Rule of Civil

Procedure 12(b)(2).

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case with prejudice.


Dated:  Washington, D.C.
        January 7, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

By:  */s/ Kevin A. Meehan*
Kevin A. Meehan (D.C. Bar No. 1613059)
Marwa Farag (D.C. Bar No. 90006158)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
kmeehan@curtis.com
mfarag@curtis.com

*Attorneys for Defendant United Nations
Relief and Works Agency for Palestine
Refugees in the Near East*