**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ESTATE OF SHA'ARABANY, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED NATIONS RELIEF AND WORKS AGENCY FOR PALESTINE REFUGEES IN THE NEAR EAST (UNRWA), *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-02490-RCL<br><br><u>**Oral Argument Requested**</u> |

<u>**REPLY IN FURTHER SUPPORT OF**</u>
<u>**DEFENDANT UNRWA'S MOTION TO DISMISS**</u>

CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP

Kevin A. Meehan (D.C. Bar No. 1613059)
Robert Groot (D.C. Bar No. NY0700)
Marwa Farag (D.C. Bar No. 90006158)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com

*Attorneys for Defendant United Nations Relief and Works Agency for Palestine Refugees in the Near East*

Dated: Washington, D.C.
      February 27, 2026

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT........................................................................................................................ 3

    I.     Plaintiffs Cannot Satisfy Their Burden of Establishing Subject Matter Jurisdiction................................................................................................ 3

    II.    UNRWA Is Entitled to Absolute Immunity under the CPIUN.............................. 4

        A.    Subsidiary Organs of the UN Are Entitled to Immunity under the CPIUN.................................................................................. 4

        B.    UNRWA Is a Subsidiary Organ of the UN and Entitled to Absolute Immunity under the CPIUN....................................... 7

        C.    UNRWA is Not a Specialized Agency ...................................... 10

        D.    The UN's Immunity is Not Conditioned on a Subjective Test Concerning the "Fulfillment of its Purposes".......................... 13

    III.   The CPIUN Prevails Over the IOIA ....................................................... 14

    IV.   No Deference is Owed to The Government's Position in the Second Circuit *Siman Tov* Appeal................................................................................. 20

    V.    This Case Must Be Dismissed for Lack of Personal Jurisdiction......................... 23

CONCLUSION ................................................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Argentine Republic v. Amerada Hess Shipping Corp.*,
  488 U.S. 428 (1989) ........................................................................................................ 17

*Arpaio v. Obama*,
  797 F.3d 11 (D.C. Cir. 2015) ............................................................................................. 3

*Ashkir v. UN*,
  No. 97-2266, 1998 U.S. Dist. LEXIS 3814 (D.D.C. Mar. 19, 1998) ...................................... 18

*Bacardi Corp. of America v. Domenech*,
  311 U.S. 150 (1940) ........................................................................................................ 19

*BG Grp. plc v. Republic of Arg.*,
  572 U.S. 25 (2014) .......................................................................................................... 21

*Boimah v. United Nations General Assembly*,
  664 F. Supp. 69 (E.D.N.Y. 1987) ...................................................................................... 18

*Broidy Capital Mgmt. LLC v. Benomar*,
  944 F.3d 436 (2d Cir. 2019) .............................................................................................. 3

*Brzak v. UN*,
  551 F. Supp. 2d 313 (S.D.N.Y. 2008) ................................................................................ 11

\* *Brzak v. UN*,
  597 F.3d 107 (2d Cir. 2010) ................................................................................ 5, 14, 15, 16

*De Luca v. United Nations Organization*,
  841 F. Supp. 531 (S.D.N.Y. 1994) .................................................................................... 18

*El Al Airlines v. Tseng*,
  525 U.S. 155 (1999) .................................................................................................. 8, 9, 20

\* *Est. of Siman Tov v. United Nations Relief & Works Agency*,
  No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025) ........ passim

*Exxon Mobil Corp. v. Corp. Cimex, S.A.*,
  111 F.4th 12 (D.C. Cir. 2024) ............................................................................................ 8

*Freedom Watch, Inc. v. OPEC*,
766 F.3d 74 (D.C. Cir. 2014)..................................................................................... 24

\*   *Georges v. UN*,
834 F.3d 88 (2d Cir. 2016)........................................................................................ 3

\*   *Georges v. UN*,
84 F. Supp. 3d 246 (S.D.N.Y. 2015)................................................................. 3, 5, 18

*In re Hunter*,
800 N.Y.S.2d 347 (N.Y. Sup. Ct. 2004).............................................................. 6, 11

\*   *Jam v. Int'l Fin. Corp.*,
586 U.S. 199 (2019)................................................................................. 2, 14, 15, 17

*Kappus v. Comm'r of Internal Revenue*,
337 F.3d 1053 (D.C. Cir. 2003)................................................................................ 17

*Kolovrat v. Oregon*,
366 U.S. 187 (1961).................................................................................................. 20

*Laventure v. UN*,
279 F. Supp. 3d 394 (E.D.N.Y. 2017) ...................................................................... 3, 5

*Laventure v. UN*,
746 F. App'x 80 (2d Cir. 2018) ................................................................................ 3

*Lempert v. Rice*,
618 F. App'x 3 (D.C. Cir. 2015)............................................................................... 3

\*   *Lempert v. Rice*,
956 F. Supp. 2d 17 (D.D.C. 2013)...................................................................... passim

*Medellin v. Texas*,
552 U.S. 491 (2008).................................................................................................. 21

*Nicol v. UN Missions in Liberia*,
No. 09-1800, 2009 U.S. Dist. LEXIS 66756 (E.D. Pa. July 30, 2009) .................................. 17

*Polak v. Int'l Monetary Fund*,
657 F. Supp. 2d 116 (D.D.C. 2009)........................................................................... 13

*Rodriguez v. Pan Am. Health Org.*,
29 F.4th 706 (D.C. Cir. 2022)............................................................................... 6, 7

*Sadikoğlu v. UN Dev. Programme*,
No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011) ............... 6, 11, 14

*Theus v. Selene Fin. LLC*,
98 F. Supp. 3d 22 (D.D.C. 2015) .................................................................................. 3

*Turkiye Halk Bankasi A.S. v. United States*,
598 U.S. 264 (2023) .................................................................................................. 20

*United States v. Stuart*,
489 U.S. 353 (1989) .................................................................................................. 19

*Whitney v. Robertson*,
124 U.S. 190 (1888) .................................................................................................. 17

**Treaties**

\* Convention on the Privileges and Immunities of the United Nations,
Feb. 13, 1946, 21 U.S.T. 1422 ............................................................................ passim

\* UN Charter,
59 Stat. 1031, ............................................................................................. 4, 5, 7, 10

Vienna Convention on the Law of Treaties,
May 23, 1969, 1155 U.N.T.S. 331 ............................................................................. 9

**Statutes**

22 U.S.C. § 288.................................................................................................. 1, 14, 17

28 U.S.C. § 1604.................................................................................................... 17

28 U.S.C. §§ 1602 *et seq.*......................................................................................... 3

**Executive Orders**

Exec. Order 13307, 68 Fed. Reg. 33338  (May 29, 2003)............................................ 17

Exec. Order 13377, 70 Fed. Reg. 20263 (Apr. 13, 2005)............................................ 17

Exec. Order 9698, 11 Fed. Reg. 1809 (Feb. 19, 1946) ............................................... 18

**Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................. 1

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 1

Fed. R. Civ. P. 12(b)(4) ................................................................................................ 1

Fed. R. Civ. P. 12(b)(5) ................................................................................................ 1

**UN Documents**

2000 UN Jurid. Y.B. 355, UN Doc. ST/LEG/SER.C/38 ................................................ 4

Exchange of Letters Constituting a Provisional Agreement Concerning Assistance to Palestine
Refugees, UNRWA-Israel, June 14, 1967, 620 UNTS 183 ...................................... 10

Exchange of Letters Constituting an Agreement Concerning Assistance to Palestine Refugees in
the Gaza Strip, Israel, and Beirut, UNRWA-Israel, Nov. 9, 1956, 280 UNTS 261 ................. 10

Final Rep. for UN Secretary-General, Independent Review of Mechanisms and
Procedures to Ensure Adherence by UNRWA to the Humanitarian Principle of
Neutrality (Apr. 20, 2024) ..................................................................................... 9

G.A. Res. 1018 (XI) (Feb. 28, 1957) ....................................................................... 7, 22

G.A. Res. 1191 (XII) (Dec. 12, 1957) ........................................................................... 7

G.A. Res. 1315 (XIII) (Dec. 12, 1958) ................................................................... 7, 22

G.A. Res. 1456 (XIV) (Dec. 9, 1959) ........................................................................... 7

G.A. Res. 302 (IV) (Dec. 8, 1949) ................................................................................ 7

G.A. Res. 513 (VI) (Jan. 26, 1952) ........................................................................ 7, 22

G.A. Res. 63/93 (Dec. 5, 2008) .................................................................................... 7

G.A. Res. 76/78 (Dec. 9, 2021) .................................................................................... 7

G.A. Res. 77/122 (Dec. 12, 2022) ................................................................................ 7

G.A. Res. 78/254 A-C (Dec. 22, 2023) ....................................................................... 19

G.A. Res. 78/73 (Dec. 11, 2023) .................................................................................. 7

G.A. Res. 80/77 (Dec. 5, 2025) ............................................................................. 7, 14

G.A. Res. ES-10/25 (Dec. 11, 2024) ............................................................................ 7

Rep. of the Commissioner-General of UNRWA to the General Assembly on its
Seventy-Eighth Session – 1 January to 31 December 2022, UN Doc. A/78/13 (2023) ........... 19

*Rep. of the Special Political Committee*,
UN Doc. A/3562 (1957) ................................................................................................ 22

*Rep. of the Special Political Committee*,
UN Doc. A/4342 (1959) ................................................................................................ 22

Repertory of Practice of United Nations Organs (1945–1954) ........................................................ 4

UN Conference on International Organization, *Rep. of the Rapporteur of Committee IV/2*,
Doc. 933, Series IV/2/42 (2) ........................................................................................ 5

UN GAOR, 13th Sess., 125th mtg., UN Doc. A/SPC/SR.125 (Dec. 10, 1958) ........................... 22

UN GAOR, 14th Sess., 851st plen. mtg., UN Doc. A/PV.851 (Dec. 9, 1959) ............................. 22

UN GAOR, 6th Sess., 46th mtg., UN Doc. A/AC.53/SR.46 (Jan. 21, 1952) .............................. 22

**Other Authorities**

Application for Review of Judgement No. 158 of the UN Administrative
Tribunal, Advisory Opinion, 1973 I.C.J. Rep. 166 (July 12) ................................................... 12

August Reinisch, *Immunity of Property, Fund, and Assets* (2016) ............................................. 10

Daniel-Erasmus Khan, *Article 22*, *in* The Charter of the United Nations:
A Commentary 981 (Bruno Simma et al., 2024) ................................................................. 12, 13

Effect of Awards of Compensation Made by the UN Administrative Tribunal,
Advisory Opinion, 1954 I.C.J. Rep. 58 (July 13) ................................................................. 12

First U.S. Statement of Interest,
*Siman Tov*, 2025 U.S. Dist. LEXIS 194505 (No. 24-cv-04765), Dkt. No. 17 ......................... 21

*Foreign Assistance Act of 1967: Hearing on H.R. 7099 Before the House of Rep.
Committee on Foreign Affairs*, 90th Cong. 461 (Apr. 21, 1967) (statement of
Hon. Joseph J. Sisco, Assistant Sec'y of State for Int'l Orgs. Affs) ........................................ 23

H.R. Rep. No. 94-1487 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6604 .................................. 17

Lori F. Damrosch*, The Trump Administration Reverses U.S. Position on UNRWA
Immunities,* 119 Am. J. Int'l L. 790 (2025) ..................................................................... 19, 23

Matthias Lippold & Andreas Paulus, *Article 7*, *in* I The Charter of the United Nations:
A Commentary, 388 (Nikolai Wessendorf et al., 2012) ........................................................... 13

Memorandum Prepared in the Department of State for the White House (May 29, 1953),
*in* III *Foreign Relations of the United States 1952-1954: United Nations Affairs*
(Ralph R. Goodwin & William Z. Slany eds., 1979).................................................................. 23

Obligations of Israel in relation to the Presence and Activities of the United Nations,
Other International Organizations and Third States in and in relation to the
Occupied Palestinian Territory, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22) ............................ 8

Reparation for Injuries Suffered in the Service of the United Nations,
Advisory Opinion, 1949 I.C.J. Rep. 174 (April 11) ................................................................. 12

S. Rep. No. 861 (1945) ................................................................................................................ 18

S.J. Res. 136, 80th Cong. (1947) ................................................................................................ 16

Second U.S. Statement of Interest,
*Siman Tov*, 2025 U.S. Dist. LEXIS 194505 (No. 24-cv-04765),  Dkt. No. 38 ........................ 21

StandwithUs Amicus Br.,
*Siman Tov*, 2025 U.S. Dist. LEXIS 194505 (No. 24 Civ. 4765), Dkt. No. 35 ........................... 2

*Structure of the United Nations and the Relations of the United States to the
United Nations: Hearings Before the H. of Rep. Comm. on Foreign Affs.*,
80th Cong, 509 (1948) (letter from Ernest A. Gross, Legal Adviser to State Department) ..... 19

Third U.S. Statement of Interest,
*Siman Tov*, 2025 U.S. Dist. LEXIS 194505 (No. 24-cv-04765), Dkt. No. 59 ......................... 22

U.S. Amicus Br., *Broidy Capital Mgmt. LLC v. Benomar*,
944 F.3d 436 (2d Cir. 2019) (No. 19-236)................................................................................... 3

U.S. Amicus Br., *NextEra Energy Global Hldgs. B.V. v. Kingdom of Spain*,
112 F.4th 1088 (D.C. Cir. 2024) (Nos. 23-7031, 23-7032, 23-7038)......................................... 3

U.S. Amicus Br., *Republic of Hungary v. Simon*,
604 U.S. 115 (2025) (No. 23-867), Dkt. No. 18 .......................................................................... 3

U.S. Br., *Lempert v. Rice*,
956 F. Supp. 2d 17 (D.D.C. 2013) (No. 12-cv-1518), Dkt. No. 17.......................................... 16

U.S. Br., *Sadikoğlu v.UN Dev. Programme*,
No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205
 (S.D.N.Y. Oct. 14, 2011), Dkt. No. 40 ............................................................................... 13, 21

*Voluntary Contributions to International Organizations and Programs: Hearing Before the Subcommittee on Foreign Operations and Related Agencies*, 90th Congr. 1617 (May 26, 1967) (statement of David Popper, Acting Assistant Sec'y of State for Int'l Orgs. Affs.) ...................................................................................................... 23

William Dale, *UNRWA: Subsidiary Organ of the United Nations*, 23 Int'l & Comp. L.Q. 578 (1974)................................................................................ 7, 10, 12

Written Statement of the State of Israel *Obligations of Israel*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22) .............................................. 9

Defendant UNRWA submits this Reply in further support of its Motion to Dismiss for lack of subject matter jurisdiction, personal jurisdiction and improper service of process pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4) and (5).[1]

## PRELIMINARY STATEMENT

UNRWA is a subsidiary organ of the UN and is therefore entitled to absolute immunity from the jurisdiction of domestic courts in all cases absent an express waiver of immunity by the UN Secretary-General.  UNRWA's status and immunity flow from the plain text of the CPIUN and the UN Charter.  It is further confirmed by countless supplementary authorities, including numerous General Assembly resolutions, a recent opinion of the International Court of Justice ("ICJ"), UN legal authorities, scholarly writings, and statements by UN Member States – all of which explicitly state that UNRWA is a subsidiary organ entitled to immunity under the CPIUN. It is undisputed that there has been no waiver of UNRWA's immunity.  Accordingly, this case must be dismissed for lack of subject matter jurisdiction on the grounds that UNRWA is entitled to immunity under the CPIUN.

Plaintiffs' Amended Complaint does not address the CPIUN, and their Opposition to UNRWA's Motion to Dismiss does not meaningfully engage the plain text of the CPIUN or any of the overwhelming supplementary authorities confirming UNRWA's status and immunity.  In fact, Plaintiffs' Opposition hardly addresses the CPIUN at all.

Instead, Plaintiffs dedicate almost all of their Opposition to the IOIA.  Plaintiffs' IOIA arguments are irrelevant.  The central premise of Plaintiffs' IOIA arguments is that only a self-executing treaty could displace the IOIA.  But the CPIUN is a self-executing treaty that has been

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in UNRWA's opening brief.

ratified by Congress and is binding on U.S. courts.  It confers absolute immunity on the UN

(including its subsidiary organs) regardless of whatever immunities may exist under the IOIA.

Plaintiffs also falsely assert:  "No Court has ever interpreted the CPIUN as displacing the

IOIA."  ECF No. 29 at 23.  Courts have consistently held that the CPIUN displaces the IOIA,

including the Supreme Court's decision in *Jam v. Int'l Fin. Corp.*, 586 U.S. 199 (2019).  *Jam*

held that the IOIA merely supplies "default rules" of immunity that can be overridden by an

applicable treaty.  It then highlighted Article II of the CPIUN as a treaty that overrides the IOIA

and provides a higher level of immunity to the UN.  Consistent with *Jam*, courts have uniformly

held that the CPIUN prevails over the IOIA and have otherwise routinely dismissed cases against

the UN and its subsidiary organs on immunity grounds under the CPIUN without regard for the

IOIA.

Indeed, this case is indistinguishable from *Est. of Siman Tov v. United Nations Relief &*

*Works Agency* (*"Siman Tov"*), No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505

(S.D.N.Y. Sept. 30, 2025), which held that UNRWA is a subsidiary organ entitled to absolute

immunity under the CPIUN regardless of whatever immunities can be claimed under the IOIA.

*Siman Tov* is a careful and thoroughly reasoned decision that rejected many of the arguments

raised in Plaintiffs' Opposition.[2]  *Siman Tov* is simply the latest in a long, unbroken chain of

cases dismissing claims against the UN's subsidiary organs on immunity grounds under the

CPIUN.  Plaintiffs offer no basis to break this chain.  Accordingly, this case should be dismissed

with prejudice.

---

[2] In fact, *Siman Tov* expressly considered and rejected arguments made in an amicus brief
submitted by counsel for Plaintiffs in this case.  *See* StandwithUs Amicus Br., *Siman Tov*, 2025
U.S. Dist. LEXIS 194505 (No. 24 Civ. 4765), Dkt. No. 35.

## ARGUMENT

### I.     Plaintiffs Cannot Satisfy Their Burden of Establishing Subject Matter Jurisdiction

Contrary to Plaintiffs' assertions, Plaintiffs bear the burden of establishing subject matter jurisdiction.  *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); *Theus v. Selene Fin. LLC*, 98 F. Supp. 3d 22, 25 (D.D.C. 2015); *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 (2d Cir. 2019).  Courts have uniformly held that plaintiffs bear the burden of abrogating immunity under the CPIUN.  *See Lempert v. Rice*, 956 F. Supp. 2d 17, 22 (D.D.C. 2013), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015); *see also Est. of Siman Tov v. United Nations Relief & Works Agency*, No. 24 Civ. 4765, 2025 U.S. Dist. LEXIS 194505, at *14 (S.D.N.Y. Sept. 30, 2025); *Georges v. UN*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Laventure v. UN*, 279 F. Supp. 3d 394, 398 (E.D.N.Y. 2017), *aff'd*, 746 F. App'x 80 (2d Cir. 2018).

Plaintiffs ignore this overwhelming caselaw and fail to cite a case where the party asserting absolute immunity under the CPIUN bore the burden of proof.  Instead, Plaintiffs rely on cases applying the burden-shifting framework from the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611.  ECF No. 29 at 10.  However, that burden-shifting framework is unique to the FSIA and is derived from its legislative history.  *See Broidy*, 944 F.3d at 444.  Regardless of whether the burden-shifting framework is appropriate under the FSIA,[3]

---

[3] The U.S. Government has consistently argued that the burden-shifting analysis was wrongly adopted in FSIA cases.  *See, e.g.*, U.S. Amicus Br. at 30-33, *Republic of Hungary v. Simon*, 604 U.S. 115 (2025) (No. 23-867), Dkt. No. 18; U.S. Amicus Br. at 9-10 n.2, *NextEra Energy Global Hldgs. B.V. v. Kingdom of Spain*, 112 F.4th 1088 (D.C. Cir. 2024) (Nos. 23-7031, 23-7032, 23-7038); U.S. Amicus Br. at 16-17, *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436 (2d Cir. 2019) (No. 19-236).

Plaintiffs' argument is inconsistent with the text of the CPIUN, which grants absolute immunity to the UN.

## II.     UNRWA Is Entitled to Absolute Immunity under the CPIUN

UNRWA is a subsidiary organ of the UN entitled to absolute immunity according to the plain text of the CPIUN.  *Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *26.  Article II Section 2 of the CPIUN states that the UN "shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity."  CPIUN art. II, § 2.  The CPIUN thereby confers absolute immunity on the UN absent an express waiver.  *See Lempert*, 956 F. Supp. 2d at 24.  It is undisputed that the UN did not waive, and in fact expressly asserted, its immunity in this case.  Thus, Plaintiffs' claims against UNRWA must be dismissed.

### A.     Subsidiary Organs of the UN Are Entitled to Immunity under the CPIUN

Plaintiffs incorrectly assert that subsidiary organs of the UN are excluded from the UN's immunities because the CPIUN supposedly confers "entity level immunity" on only the "United Nations," and not on any other organization "within the UN system."  ECF No. 29 at 22-23.  However, the term "United Nations" under the CPIUN covers the UN's principal and subsidiary organs – which are integral parts of the UN.

Article 7 of the UN Charter recognizes that the UN encompasses both "principal organs" and "subsidiary organs."  UN Charter art. 7.  The scope of the term "the United Nations" thus "refers to the international organization established by the Charter, including all the principal and subsidiary organs provided for by the Charter or established on the basis of the authority conferred by the Charter."  2000 UN Jurid. Y.B. 355, UN Doc. ST/LEG/SER.C/38; *see also* Repertory of Practice of United Nations Organs (1945–1954), vol. 5, Arts. 104 and 105, ¶ 50 (the scope of the term "the Organization" in the UN Charter was "intended to cover all the organs

- 4 -

established by the Charter and all other bodies or organs which might subsequently be established by virtue of the powers conferred by the Charter"). Article 22 of the UN Charter confers authority on the General Assembly to "establish such subsidiary organs as it deems necessary for the performance of its functions." UN Charter art. 22. Therefore, subsidiary organs established in this manner are integral parts of the UN. *See* UN Conference on International Organization, *Rep. of the Rapporteur of Committee IV/2*, at 2, Doc. 933, Series IV/2/42 (2) (June 12, 1945)[4] (drafting history of the UN Charter shows that the term "the Organization" covers organs "to be established by the General Assembly"). Because subsidiary organs are part of the UN, they are entitled to absolute immunity under the CPIUN.

Courts have uniformly held that the CPIUN covers subsidiary organs of the UN, including UNRWA, the UN Development Programme ("UNDP"), the UN High Commissioner for Refugees ("UNHCR"), the UN Stabilization Mission in Haiti ("MINUSTAH"), and the UN Children's Fund ("UNICEF"). *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *25-26; *Lempert*, 956 F. Supp. 2d at 24 ("as a subsidiary program of the UN that reports directly to the General Assembly, the UNDP also enjoys immunity under the Convention"), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015); *Brzak v. UN*, 597 F.3d 107, 110, 113 (2d Cir. 2010) (UNHCR officials entitled to immunity under CPIUN); *Laventure v. UN*, 279 F. Supp. 3d at 400("As a UN subsidiary, MINUSTAH enjoys the same privileges and immunities as the UN under the CPIUN"), *aff'd*, 746 F. App'x 80 (2d Cir. 2018); *Georges v. UN*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015)("MINUSTAH, as a subsidiary body of the UN, is also immune from suit."), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Sadikoğlu v. UN Dev. Programme*, No. 11 Civ. 0294, 2011

---

[4] Vol. XIII, p. 704. https://digitallibrary.un.org/record/1300969?ln=en&v=pdf.

U.S. Dist. LEXIS 120205, at *9 (S.D.N.Y. Oct. 14, 2011) (holding that "UNDP – as a subsidiary program of the UN" is immune from suit under the CPIUN); *In re Hunter*, 800 N.Y.S.2d 347, 347 (N.Y. Sup. Ct. 2004) (UNICEF immune).

Plaintiffs argue that *Siman Tov* relied solely on Article IV of the CPIUN for its holding that UNRWA, as a subsidiary organ of the UN, is entitled to absolute immunity under the CPIUN. ECF No. 29 at 25-26. That is incorrect. *Siman Tov* states: "The plain text of the CPIUN indicates that the U.N. and its subsidiary organs enjoy absolute immunity from suit unless expressly waived. *See* **CPIUN, art. II, § 2**; art. IV, § 11." 2025 U.S. Dist. LEXIS 194505, at *26 (emphasis added). *Siman Tov* therefore relied on both Articles II and IV. It also relied on the interpretation of Article II in *Sadikoğlu,* which held that the plain text of Article II confers absolute immunity on subsidiary organs of the UN. *See id.* at *24 (discussing *Sadikoğlu,* 2011 U.S. Dist. LEXIS 120205, at *9). *Siman Tov* was correctly decided and is consistent with the uniform caselaw dismissing actions against the UN's subsidiary organs on immunity grounds under the CPIUN.

Plaintiffs do not cite a single case to the contrary. While Plaintiffs rely on *Rodriguez v. Pan Am. Health Org.*, 29 F.4th 706 (D.C. Cir. 2022), that case is irrelevant. The defendant, the Pan American Health Organization ("PAHO"), is not a subsidiary organ of the UN and thus did not assert immunity under the CPIUN in *Rodriguez*. PAHO is an organization created in 1902 – decades before the establishment of the UN – that subsequently became part of the World Health Organization, which, in turn, is a specialized agency "brought into relationship" with the UN in accordance with Articles 57 and 63 of the UN Charter.[5] It asserted immunity under the IOIA and

---

[5] https://www.paho.org/en/who-we-are.

the WHO Constitution.  *See id.* at 711.  As discussed below, subsidiary organs of the UN are distinct from specialized agencies.  Thus, *Rodriguez* is irrelevant.

> **B.    UNRWA Is a Subsidiary Organ of the UN and Entitled to Absolute Immunity under the CPIUN**

Plaintiffs do not dispute that the General Assembly exercised its powers under Article 22 to establish UNRWA as a subsidiary organ pursuant to General Assembly Resolution 302 (IV) (Dec. 8, 1949).  On this basis alone, UNRWA is a subsidiary organ entitled to absolute immunity under the plain text of the CPIUN and the UN Charter.  *See* William Dale, *UNRWA: Subsidiary Organ of the United Nations*, 23 Int'l & Comp. L.Q. 578 (1974) (subsidiary organs are "founded by mere resolution of a principal organ").  That was the conclusion reached in *Siman Tov*.  2025 U.S. Dist. LEXIS 194505, at *26.

UNRWA's status is confirmed by numerous General Assembly resolutions stating that UNRWA "as a subsidiary organ of the United Nations, enjoys the benefits of the [CPIUN]." G.A. Res. 1456 (XIV), at 8 (Dec. 9, 1959); *see also* G.A. Res. 513 (VI), ¶ 3 (Jan. 26, 1952) (referring to UNRWA as a "subsidiary organ established by the General Assembly"); G.A. Res. 1315 (XIII), at 9 (Dec. 12, 1958) ("Recalling that the Agency is a subsidiary organ of the United Nations"); G.A. Res. 1018 (XI), at 6-7 (Feb. 28, 1957) (applying terms of the UN Charter and the CPIUN to UNRWA's mandate); G.A. Res. 1191 (XII), at 8-9 (Dec. 12, 1957) (same); G.A. Res. 63/93, ¶ 12 (Dec. 5, 2008) (recognizing that UNRWA is entitled to immunity under the UN Charter and the CPIUN); G.A. Res. 76/78, at  3, 5, 10 (Dec. 9, 2021) (same); G.A. Res. 77/122, at  3, 5, 10 (Dec. 12, 2022) (same); G.A. Res. 78/73, at  3, 5, 10 (Dec. 11, 2023) (same); G.A. Res. ES-10/25, ¶¶ 2, 10, 12, 14 (Dec. 11, 2024) (same); G.A. Res. 80/77, at  3-4, 8-9 (Dec. 5, 2025) (same).

In addition, the ICJ recently issued an opinion confirming that UNRWA is a subsidiary organ of the UN entitled to immunity under the CPIUN.  Obligations of Israel in relation to the Presence and Activities of the United Nations, Other International Organizations and Third States in and in relation to the Occupied Palestinian Territory, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22) ("*Obligations of Israel*").[6]  The ICJ stated that "UNRWA, as a subsidiary organ of the United Nations, has been entrusted by the General Assembly to provide direct relief and work programmes for Palestine refugees."  *Id.* ¶ 177 (emphasis added).[7]  It further confirmed that UNRWA is entitled to immunity under the CPIUN.  *Id.* ¶ 186.  The ICJ is responsible for settling disputed interpretations of the CPIUN, *see* CPIUN art. VIII, § 30, and its opinions "are 'accorded great weight' in understanding the content of international law."  *See Exxon Mobil Corp. v. Corp. Cimex, S.A.*, 111 F.4th 12, 27 (D.C. Cir. 2024).

Moreover, courts regularly look to the post-ratification understanding of signatories to aid treaty interpretation.  *El Al Airlines v. Tseng*, 525 U.S. 155, 175 (1999).  Nearly all the written submissions by UN Member States in the *Obligations of Israel* case explicitly recognized that UNRWA is entitled to immunity under the CPIUN as a subsidiary organ of the UN, including Belgium (¶ 68), Brazil (¶ 80), Chile (¶¶ 37, 42), China (¶¶ 88, 93), Colombia (¶¶ 4.73-75), Egypt (¶¶ 124-25), France (¶ 27), Ireland (¶ 31), Kuwait (¶ 15), Malaysia (¶¶ 22, 56, 67), Mexico (¶¶ 28, 86), Norway (¶¶ 74, 102), Pakistan (¶ 105), Qatar (¶ 23), Russia (¶¶ 11, 44), Saudi Arabia (¶ 52), Slovenia (¶ 43), South Africa (¶¶ 114-15, 126), Spain (¶ 35), and Turkey (¶ 15).[8]  Israel

---

[6] https://www.icj-cij.org/sites/default/files/case-related/196/196-20251022-adv-01-00-en.pdf.

[7] The ICJ's opinion was welcomed by the General Assembly.  G.A. Res. 80/116 (Dec. 12, 2025).

[8] These written submissions are available at https://www.icj-cij.org/case/196/written-proceedings (last visited February 14, 2026).

acknowledged in its written submission that it is "indisputable" that UNRWA is a "subsidiary organ of the General Assembly," and that Israel has upheld "UNRWA's immunities under international law before domestic authorities." Written Statement of the State of Israel ¶¶ 12, 16, *Obligations of Israel*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22).[9] That is consistent with Israel's prior statements recognizing that the CPIUN covers UNRWA. *See* Final Rep. for UN Secretary-General, Independent Review of Mechanisms and Procedures to Ensure Adherence by UNRWA to the Humanitarian Principle of Neutrality, at 21-22 (Apr. 20, 2024).[10] These submissions convey the post-ratification understanding of the States Parties to the CPIUN. *See Tseng*, 525 U.S. at 160; *see also* Vienna Convention on the Law of Treaties arts. 31-32, May 23, 1969, 1155 U.N.T.S. 331.

Plaintiffs do not address these overwhelming supplementary authorities confirming UNRWA's status as a subsidiary organ of the UN entitled to absolute immunity under the CPIUN. Nor do they cite a single supplementary authority concluding that UNRWA is not entitled to immunity under the CPIUN.

Plaintiffs nevertheless argue that bilateral agreements that UNRWA entered into with Lebanon, Egypt and Israel suggest that these countries view UNRWA as being outside the scope of the CPIUN, even though these agreements expressly recognize UNRWA's immunity. ECF No. 29 at 23. To the contrary, the UN routinely concludes such bilateral agreements with its Member States for the purposes of operating in a specific territory. "Sometimes host agreements

---

[9] https://www.icj-cij.org/sites/default/files/case-related/196/196-20250228-wri-22-00-en.pdf. The U.S. Government submitted a statement in these proceedings, which does not challenge UNRWA's status as a subsidiary organ or argue that the CPIUN does not cover UNRWA.

[10] https://www.un.org/unispal/document/report-independent-review-group-on-unrwa-22april2024/.

with subsidiary organs expressly call for the application of the [CPIUN's] immunity provision," but this only confirms that the subsidiary organ is entitled to immunity from the jurisdiction of domestic courts.  *See* August Reinisch, *Immunity of Property, Fund, and Assets* 80 (2016).

For example, UNRWA's agreements with Israel concerned Israel's agreement to provide security, free movement, and facilities to UNRWA to facilitate UNRWA's continued assistance to Palestine refugees in the West Bank and Gaza.  Exchange of Letters Constituting an Agreement Concerning Assistance to Palestine Refugees in the Gaza Strip, Israel, and Beirut, UNRWA-Israel, Nov. 9, 1956, 280 UNTS 261, 264; Exchange of Letters Constituting a Provisional Agreement Concerning Assistance to Palestine Refugees, UNRWA-Israel, June 14, 1967, 620 UNTS 183, 186.[11]  In those agreements, Israel "recognize[d]" that the CPIUN applied to UNRWA, including outside the territory of Israel.

### C.    UNRWA is Not a Specialized Agency

Plaintiffs assert that UNRWA is not immune under the CPIUN because "it is a specialized agency."  ECF No. 29 at 20.  Plaintiffs rely solely on the U.S. Government's position in the *Siman Tov* appeal.  *See* ECF 29-2.  This assertion is without any legal basis.  The UN Charter defines "specialized agencies" as entities "established by intergovernmental agreement" and "brought into relationship" with the UN through an "agreement" with the Economic and Social Council "subject to approval by the General Assembly."  UN Charter arts. 57, 63.  *See also* Dale, *supra*, at 576-78.  As explained above, UNRWA was established by resolution of the General Assembly.  It was not established by separate intergovernmental agreement, nor later

---

[11] https://treaties.un.org/doc/Publication/UNTS/Volume%20280/v280.pdf;
https://treaties.un.org/doc/Publication/UNTS/Volume%20620/v620.pdf.

brought into relationship with the UN through an agreement.  Therefore, UNRWA is not a specialized agency and cannot be legally equated with one for immunity purposes.

Plaintiffs vaguely assert that UNRWA, despite lacking these essential elements of a specialized agency, "resembles" a specialized agency "as an operational service provider" and therefore should be treated as a specialized agency for immunity purposes.  ECF No. 29 at 21.  However, neither the UN Charter nor the CPIUN authorizes individual Member States to unilaterally strip a subsidiary organ of its immunities by declaring that it "resembles" a legally distinct type of entity.

Plaintiffs' argument that subsidiary organs may be stripped of immunity if they have operational functions cannot be reconciled with caselaw.  Courts have upheld the immunity of other subsidiary organs of the General Assembly that engage in supposed "operational" functions, including UNHCR, which has over 20,000 personnel[12] who administer aid to refugees around the world, *see Brzak v. UN*, 551 F. Supp. 2d 313 (S.D.N.Y. 2008); UNICEF, which has over 17,000 personnel[13] who administer humanitarian aid to children around the world, *see In re Hunter*, 800 N.Y.S.2d at 347; and UNDP, which has 23,000 personnel[14] working on eliminating poverty.  *See Sadikoğlu*, 2011 U.S. Dist. LEXIS 120205, at *1-2; *Lempert*, 956 F. Supp. 2d at 24.

Additionally, the ICJ has emphasized that the powers of the principal organs are to be construed broadly, even when not expressly provided for in the Charter, to accomplish the

---

[12] *See History of UNHCR*, UNHCR, https://www.unhcr.org/us/about-unhcr/overview/history-unhcr (last visited February 23, 2026).

[13] *See 2023 in Review*, UNICEF, https://www.unicef.org/reports/unicef-annual-report-2023/ED-letter (last visited February 14, 2026).

[14] *See Annual Report 2024*, UNDP, https://annualreport.undp.org/ (last visited February 14, 2026).

purposes of the UN.  *See* Application for Review of Judgement No. 158 of the UN

Administrative Tribunal, Advisory Opinion, 1973 I.C.J. Rep. 166, ¶ 16 (July 12) (holding that

"to place a restrictive interpretation on the power of the General Assembly to establish subsidiary

organs would run contrary to the clear intention of the Charter."); Reparation for Injuries

Suffered in the Service of the United Nations, Advisory Opinion, 1949 I.C.J. Rep. 174, 182

(April 11) ("Under international law, the Organization must be deemed to have those powers

which, though not expressly provided in the Charter, are conferred upon it by necessary

implication as being essential to the performance of its duties.").  These broad powers allow the

General Assembly, which consists of UN Member States, to establish subsidiary organs that

perform operational functions consistent with its purposes.  *See* Effect of Awards of

Compensation Made by the UN Administrative Tribunal, Advisory Opinion, 1954 I.C.J. 47, 58,

60-61 (July 13).

Scholarly works addressing the UN's legal structure, including several cited by the U.S.

Government in the *Siman Tov* case, further confirm that the General Assembly has the power to

create subsidiary organs having operational functions.  For example, William Dale's article

entitled *UNRWA – A Subsidiary Organ of the United Nations* concludes that UNRWA is a

subsidiary organ of the UN entitled to immunity under the CPIUN.  *See* Dale, *supra*, at 576-77.

Dale expressly states that the General Assembly may establish subsidiary organs with a broad

range of operational functions such "as administering relief, rehabilitation and assistance

programmes . . . truce supervision and peace-keeping, of reconstruction after fighting, of

promoting international trade and industrial development, and of a world food programme."  *See*

*id.* at 577; *see also* Daniel-Erasmus Khan, *Article 22*, *in* The Charter of the United Nations: A

Commentary 981, 996 (Bruno Simma et al., 2024) (stating that the General Assembly has "the

competence to transfer specific operational activities to subsidiary organs."); *id.* at 995 (stating

the UNRWA is a subsidiary organ of the UN); Matthias Lippold & Andreas Paulus, *Article 7*, *in*

I The Charter of the United Nations: A Commentary, 388, 401 (Nikolai Wessendorf et al., 2012)

("UN practice shows that a principal organ may create subsidiary organs without delegating its

own power; consequently the powers of the subsidiary organ may differ from those of the

principal organ"); *id.* at 408 (stating that UNRWA is a subsidiary organ of the UN).

Finally, this same specialized agency argument was raised in *Siman Tov*, and the court

rejected it. *Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *15-24.

**D.    The UN's Immunity is Not Conditioned on a Subjective Test Concerning the "Fulfillment of its Purposes"**

Plaintiffs assert that the provision in Article 105 of the UN Charter that the UN "shall

enjoy such privileges and immunities as are necessary for the fulfillment of its purposes"

somehow operates as a limitation on the UN's immunities such that they may be defeated merely

by alleging conduct that is not "necessary" to fulfill those purposes. ECF No. 29 at 7-8. But this

interpretation would render meaningless Article II Section 2 of the CPIUN, which unequivocally

grants the UN "immunity from every form of legal process" without limitation. In fact, in

*Sadikoğlu*, the plaintiffs argued that UNDP was not entitled to immunity because the claims were

based on conduct that was not necessary for the fulfillment of the UN's purposes. *See* U.S. Br. at

6, *Sadikoğlu*, 2011 U.S. Dist. LEXIS 120205 (No. 11-cv-294), Dkt. No. 40. The Government

explained that the plaintiff was incorrect and that adopting such a functional immunity standard

would conflict with the plain language of the CPIUN, which grants absolute immunity to UNDP

as a subsidiary organ of the General Assembly. *Id.; cf. Polak v. Int'l Monetary Fund*, 657 F.

Supp. 2d 116, 120 (D.D.C. 2009) (a statement of purpose does not act as a limitation on the

defendant's immunity).

- 13 -

Nor are Plaintiffs correct to assert that the UN has "repudiate[ed]" UNRWA for the conduct alleged by Plaintiffs or admitted whatsoever the truth of their allegations. ECF No. 29 at 8. Rather, the General Assembly has repeatedly renewed UNRWA's mandate and emphasized "the vital role of [UNRWA] in providing essential education, health, relief and social services programmes to Palestine refugees, as well as life-saving humanitarian assistance in all the fields of operation . . . ." G.A. Res. 80/77, at 2 (Dec. 5, 2025). Furthermore, the UN has not waived UNRWA's immunity.

### III.    The CPIUN Prevails Over the IOIA

No doubt aware that the CPIUN's grant of absolute immunity to the UN (including its subsidiary organs) creates an insurmountable bar to their claims against UNRWA, Plaintiffs largely ignore the CPIUN. Instead, Plaintiffs' Opposition focuses almost exclusively on the IOIA and argues that the IOIA governs the immunity analysis notwithstanding Congress's ratification of the CPIUN. Plaintiffs' argument is meritless.

The central pillar of Plaintiffs' argument is that the IOIA can only be displaced by a treaty that is "self-executing or [has] been implemented by Congress to bind U.S. courts domestically." ECF No. 29 at 9. However, the CPIUN *is a self-executing treaty* that is binding law in U.S. courts. *See Brzak*, 597 F.3d at 111. Thus, the CPIUN is an independent source of immunity for the UN. Plaintiffs' contrary theory would render the CPIUN superfluous.

Plaintiffs incorrectly assert: "No Court has ever interpreted the CPIUN as displacing the IOIA." ECF No. 29 at 23. Courts – including the Supreme Court – have consistently held that the CPIUN governs over the IOIA in cases against the UN and its subsidiary organs. *See, e.g., Jam*, 586 U.S. at 214; *Brzak*, 597 F.3d at 112; *Lempert*, 956 F. Supp. 2d at 25; *Sadikoğlu*, 2011 U.S. Dist. LEXIS 120205, at *12.

- 14 -

The Supreme Court's decision in *Jam* forecloses Plaintiffs' argument. *Jam* held that, although designated international organizations were entitled to absolute immunity when the IOIA was first enacted, the IOIA effectively became a pass-through to the FSIA following the FSIA's enactment in 1976. *See* 586 U.S. at 215. However, it made clear that the IOIA framework is displaced by the CPIUN. The Supreme Court stated:

> [T]he privileges and immunities accorded by **the IOIA are only default rules**. If the work of a given international organization would be impaired by restrictive immunity, the organization's charter can always specify a different level of immunity. The charters of many international organizations do just that. See, e.g., **Convention on Privileges and Immunities of the United Nations**, Art. II, §2, Feb. 13, 1946, 21 U. S. T. 1422, T. I. A. S. No. 6900 ("The United Nations . . . shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity").

*Id.* at 214 (emphasis added); *see also id.* at 226 (J. Breyer, dissenting) ("[T]he UN itself is no longer dependent upon the [IOIA]"). In other words, the Supreme Court held that the IOIA is merely a set of "default rules" that are overridden by the grant of absolute immunity under Article II of the CPIUN. Plaintiffs do not address the Supreme Court's discussion of the CPIUN in *Jam*.

In *Brzak*, the Second Circuit rejected the argument that the IOIA prevails over the CPIUN. *See* 597 F.3d at 112. It held that the UNHCR, a subsidiary organ of the UN, was entitled to absolute immunity under the CPIUN. *See id.* at 110-12. The *Brzak* plaintiffs argued that the IOIA does not grant absolute immunity and therefore subject matter jurisdiction could be established under that statute notwithstanding the CPIUN. *See id.* at 112. The Second Circuit rejected the argument, stating "whatever immunities are possessed by other international organizations, the CPIUN unequivocally grants the United Nations absolute immunity without exception." *Id.* Plaintiffs do not even cite, much less discuss, *Brzak*.

- 15 -

This Court reached the same conclusion in *Lempert*, 956 F. Supp. 2d at 25.  This Court held that the UNDP is a subsidiary organ of the UN General Assembly and therefore entitled to immunity under the CPIUN.  *See id.* at 23-24 (citing *Brzak*).  The plaintiff argued that, notwithstanding the CPIUN, the court could abrogate the UNDP's immunity and exercise subject matter jurisdiction under the IOIA.  *Id.* at 25.  This Court rejected that argument, stating that "even if the IOIA does not confer immunity in this case," the CPIUN would "nevertheless serve as an independent source of the UN's absolute immunity."  *Id.*  *See also* U.S. Br. at 6, *Lempert*, 956 F. Supp. 2d (No. 12-cv-1518), Dkt. No. 17 (the IOIA "does not have an effect on the UN's immunity because the General Convention provides an independent source of immunity for the UN, which only the UN may waive").[15]

Plaintiffs also make the demonstrably false statement that "[n]othing in the CPIUN's text, structure, or ratification history" reflects an intent by Congress to displace the IOIA.  ECF No. 29 at 6.  The ratification history of the CPIUN contains a joint resolution which states:

> That in so far as any provisions of this Convention and the International Organizations Immunities Act, as applied to the United Nations relate to the same matter, the two provisions shall wherever possible be treated as complementary to each other so that both provisions shall be applicable and neither shall narrow the effect of the other; but in any case of absolute conflict, the provisions of the Convention shall prevail.

S.J. Res. 136, 80th Cong. (1947) (internal citations omitted).[16]

---

[15] Plaintiffs try to distinguish *Lempert* on the grounds that this Court did not address whether the UNDP qualified for immunity under the IOIA.  ECF No. 29 at 26-27.  However, the Court did not need to reach that issue because it concluded that the UNDP was entitled to absolute immunity under the CPIUN regardless of whatever immunities it might have under the IOIA.

[16] 80 Cong. Rec. S9129-30 (daily ed. July 17, 1947), *available at* https://www.congress.gov/80/crecb/1947/07/17/GPO-CRECB-1947-pt7-11-1.pdf.

This ratification history is almost superfluous; application of basic principles of statutory interpretation reaches the same result.  A later-in-time self-executing treaty, such as the CPIUN, prevails over an earlier-in-time statute, such as the IOIA.  *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888); *Kappus v. Comm'r of Internal Revenue*, 337 F.3d 1053, 1057 (D.C. Cir. 2003).[17]

While Plaintiffs argue that the IOIA only confers immunity to organizations designated by the President under the IOIA and in which the U.S. is a member, the CPIUN contains no such requirements.[18]  Whatever the IOIA's "default rules" may prescribe, they do not limit the application of the CPIUN.  *See Jam*, 586 U.S. at 214; *see also supra* at 15.  Indeed, courts have consistently upheld the immunity of the UN under the CPIUN without relying on the IOIA.  *See Lempert*, 956 F. Supp. 2d at 25; *see also Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at \*29 ("Because the Court has already determined UNRWA enjoys immunity under the CPIUN, it need not address here whether UNRWA has immunity under the IOIA."); *Nicol v. UN Missions in Liberia*, No. 09-1800, 2009 U.S. Dist. LEXIS 66756, at \*5-6 (E.D. Pa. July 30, 2009) (United

---

[17] Moreover, the IOIA is merely a pass-through to the FSIA, and the FSIA expressly states that it does not displace any pre-existing treaties.  *See* 28 U.S.C. § 1604; *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 442 (1989); H.R. Rep. 94-1487, *as reprinted in* 1976 U.S.C.C.A.N. 6604, 6612 ("All immunity provisions in [the FSIA] are made subject to 'existing' treaties and other international agreements to which the United States is a party.  In the event an international agreement expressly conflicts with this bill, the international agreement would control.").

[18] It is far from clear that the IOIA contains any "membership" requirement, as the U.S. is not a member of certain organizations designated under the IOIA, such as the European Central Bank and the African Union.  *See* Exec. Order 13307, 68 Fed. Reg. 33338 (May 29, 2003); Exec. Order 13377, 70 Fed. Reg. 20263 (Apr. 13, 2005).  However, any such requirement would be satisfied here as the U.S. is a UN Member State.  Furthermore, the U.S. was instrumental in the creation of UNRWA and was a substantial benefactor for decades.  While Plaintiffs rely heavily on the fact that the U.S. has now decided to withholding voluntary funding to UNRWA, that is irrelevant to the immunity analysis.  UN Member States cannot unilaterally strip the UN (including its subsidiary organs) of their absolute immunity.

- 17 -

Nations enjoys absolute immunity from suit "on three independent grounds": the CPIUN, the IOIA and the UN Charter); *De Luca v. United Nations Organization*, 841 F. Supp. 531, 533 n.1 (S.D.N.Y. 1994) ("We need not consider the application of [the IOIA and FSIA] to the instant case, for the [CPIUN] . . . provides sufficient ground for finding the U.N. immune"); *Boimah v. United Nations General Assembly*, 664 F. Supp. 69, 71 (E.D.N.Y. 1987) ("The court need not decide [immunity under the IOIA]. Under the [CPIUN] the United Nations' immunity is absolute"); *Georges*, 84 F. Supp. 3d at 246, *aff'd*, 834 F.3d 88 (upholding immunity under CPIUN without any reference to IOIA); *Ashkir v. UN*, No. 97-2266, 1998 U.S. Dist. LEXIS 3814, at *3-7 (D.D.C. Mar. 19, 1998) (same).

In any event, it is undisputed that the UN was designated under the IOIA by President Truman. *See* Exec. Order 9698, 11 Fed. Reg. 1809 (Feb. 19, 1946). The designation of the UN covered subsidiary organs of the UN, including UNRWA. At the time the IOIA was enacted, it was understood that it would be "available to meet the needs of the United Nations Organization" and "all of the privileges and immunities provided for in [the IOIA] will have to be extended . . . to the United Nations Organization." S. Rep. No. 861 at 2 (1945). As set out above, the UN Charter (which had been ratified only a few months prior) defines the United Nations Organization as comprised of the principal and subsidiary organs of the United Nations. *See supra* at 4-5. While Plaintiffs do not identify a single subsidiary organ that has been separately designated under the IOIA, they acknowledge that numerous courts have held that

- 18 -

various subsidiary organs are entitled to immunity under the IOIA by virtue of the designation of the UN.  *See* ECF No. 29 at 13 (collecting cases); *see also supra* at 5-6 (collecting cases).[19]

Finally, Plaintiffs' attempt to graft additional requirements onto the CPIUN is contrary to the plain text of that treaty, which grants absolute immunity to the UN and its subsidiary organs. It would also frustrate the object and purpose of the CPIUN.  Treaties must be liberally construed to give effect to their purpose.  *United States v. Stuart*, 489 U.S. 353, 368 (1989) ("Even where a provision of a treaty fairly admits of two constructions, one restricting, the other enlarging, rights which may be claimed under it, the more liberal interpretation is to be preferred.") (quoting *Bacardi Corp. of America v. Domenech*, 311 U.S. 150, 163 (1940)).  The purpose of granting absolute immunity is to create a uniform global standard and to avoid subjecting the UN's organs to potentially divergent legal standards and conflicting decisions across the UN's 193 Member States.  *See* Lori F. Damrosch*, The Trump Administration Reverses U.S. Position on UNRWA Immunities,* 119 Am. J. Int'l L. 790, 791 (2025); *see also Structure of the United Nations and the Relations of the United States to the United Nations: Hearings Before the H. of Rep. Comm. on Foreign Affs.*, 80th Cong. 509 (1948) (letter from Ernest A. Gross, Legal Adviser to State Department)  (explaining that UN is granted immunity "so that it may function effectively as a

---

[19] Plaintiffs argue these cases are distinguishable based on the supposed governance structures of the subsidiary organs at issue.  However, none of those decisions considered such governance structures as they are not relevant to the immunity analysis under the CPIUN (or the IOIA).  In any event, UN Member States participate in the governance and oversight of UNRWA through their participation in the General Assembly.  The General Assembly votes to approve approving UNRWA's budget, *see*, *e.g.*, G.A. Res. 78/254 A-C, § 26 (Dec. 22, 2023), and requires regular reports from UNRWA's Commissioner-General.  *See*, *e.g.*, Rep. of the Commissioner-General of UNRWA to the General Assembly on its Seventy-Eighth Session – 1 January to 31 December 2022, UN Doc. A/78/13 (2023).  It also defines UNRWA's mandate through resolutions and retains full power to modify UNRWA's mandate, composition, and structure or to discontinue it entirely.

world organization untrammeled in its operation by national requirements of reciprocity or national measures of retaliation among states."). Thus, UN Member States cannot unilaterally add new requirements found nowhere in the CPIUN.

**IV.     No Deference is Owed to The Government's Position in the Second Circuit *Siman Tov* Appeal**

Plaintiffs rely heavily on an amicus brief filed by the U.S. Government in the Second Circuit in *Siman Tov*. ECF 29-2. As an initial matter, the U.S. Government's brief undermines Plaintiffs' arguments. The Government acknowledges that the UN's subsidiary organs are entitled to immunity under the CPIUN and thus rejects Plaintiffs' contention that subsidiary organs are beyond the CPIUN's scope. *Id.* at 14 n.3. The Government also disagrees with Plaintiffs' principal argument, which is that the CPIUN does not displace the IOIA with respect to the UN's immunity. *See id.* at 12. Thus, Plaintiffs' reliance on the U.S. Government's brief in *Siman Tov* is misplaced.

To be sure, the U.S. Government has taken the position that *Siman Tov* should be reversed on appeal and that UNRWA should be stripped of immunity on the basis of its supposed functions. The Government's views are entitled to no deference. The interpretation of treaty obligations under the UN Charter and the CPIUN are questions of law that must be decided by courts. *See Kolovrat v. Oregon*, 366 U.S. 187, 194 (1961); *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 286 (2023) (Gorsuch, J., concurring) ("deference to the Executive's immunity decision[] risks relegating courts to the status of potted plants, inconsistent with their duty to say what the law is in the cases that come before them"). The Government's interpretation of a treaty may be entitled to deference where it is faithful to the plain text, purpose and structure of that treaty. *See Tseng*, 525 U.S. at 160. If the Government's views depart from the plain text, no deference is required. *See BG Grp. plc v. Republic of Arg.*, 572

- 20 -

U.S. 25, 37 (2014). Here, the Government's proposed functional immunity test is contrary to the plain text of the CPIUN, which grants absolute immunity – not functional immunity – to the UN and its subsidiary organs. Furthermore, the Government's proposed functional immunity would frustrate the purpose of the CPIUN. *See supra* at 13.

Deference is particularly unwarranted because the Government's current position is inconsistent with its own long-standing interpretation of the CPIUN. *See Medellin v. Texas*, 552 U.S. 491, 513 (2008) (deferring to the Executive's view because the Executive had "unfailingly adhered" to that view in the past). For instance, the Government's argument that subsidiary organs are subject to a functional immunity test directly conflicts with its position in *Sadikoğlu* that such a functional immunity standard would conflict with the plain language of the CPIUN, which grants absolute immunity to subsidiary organs. U.S. Br. at 6, *Sadikoğlu*, No. 11-cv-294, Dkt. No. 40 (S.D.N.Y. July 6, 2011).

The U.S. Government's position in *Siman Tov* that UNRWA is not entitled to immunity is inconsistent with the first two briefs that the Government filed in that case asserting that UNRWA is entitled to absolute immunity under the CPIUN. In *Siman Tov*, the Government filed its first Statement of Interest in the district court, asserting that UNRWA is a subsidiary organ of the UN entitled to absolute immunity under the CPIUN. First U.S. Statement of Interest at 3-6, *Siman Tov*, 2025 U.S. Dist. LEXIS 194505 (No. 24-cv-04765), Dkt. No. 17. The Government filed a second Statement of Interest re-affirming UNRWA's immunity under the CPIUN as a subsidiary organ of the UN. Second U.S. Statement of Interest at 1-4, *Siman Tov*, 2025 U.S. Dist. LEXIS 194505 (No. 24-cv-04765), Dkt. No. 38. In April 2025, after the UN's motion to dismiss was fully briefed, the Government filed a third Statement of Interest that reversed its position taken in the two prior Statements of Interest, asserting that UNRWA is not

entitled to immunity under the CPIUN because it is "analogous" to a specialized agency. Third U.S. Statement of Interest at 3, 6, 8, *Siman Tov* 2025 U.S. Dist. LEXIS 194505 (No. 24-cv-04765), Dkt. No. 59. The court in *Siman Tov* rejected the Government's position and dismissed the claims against UNRWA with prejudice on immunity grounds. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *25. The Government has never identified any errors in its prior interpretation of the CPIUN.

The Government's current position is inconsistent with the positions it has taken in the UN General Assembly. The U.S. was heavily involved in drafting, sponsoring and otherwise supporting General Assembly resolutions stating that UNRWA is a subsidiary organ of the UN entitled to immunity under the CPIUN. For example, the U.S. was the drafter and co-sponsor of General Assembly Resolution 1315 (XIII), which explicitly states that UNRWA is a "subsidiary organ of the United Nations." G.A. Res. 1315 (XIII). When introducing this General Assembly Resolution, the U.S. explained that this language had been included to confirm "the character of the Agency as a subsidiary organ of the United Nations." UN GAOR, 13th Sess., 125th mtg. ¶ 1, UN Doc. A/SPC/SR.125 (Dec. 10, 1958). The U.S. was also a drafter and sponsor of General Assembly Resolution 513 (VI), which states that UNRWA is a subsidiary organ of the UN, and General Assembly Resolution 1018 (XI), which confirms that UNRWA is entitled to immunity under the CPIUN. UN GAOR, 6th Sess., 46th mtg. ¶ 1, UN Doc. A/AC.53/SR.46 (Jan. 21, 1952); *Rep. of the Special Political Committee*, ¶¶ 8-10, UN Doc. A/3562 (1957). The U.S. also supported General Assembly Resolution 1456 (XIV), which explicitly states that UNRWA is "a subsidiary organ of the United Nations, [and] enjoys the benefits of the [CPIUN]." *Rep. of the Special Political Committee*, at 5, UN Doc. A/4342 (1959); UN GAOR, 14th Sess., 851st plen. mtg. ¶ 90, UN Doc. A/PV.851 (Dec. 9, 1959).

- 22 -

The Government's position is also contrary to the views previously expressed by State Department officials, who have testified before Congress that UNRWA is a subsidiary organ of the UN. *See Foreign Assistance Act of 1967: Hearing on H.R. 7099 Before the House of Rep. Committee on Foreign Affairs*, 90th Cong. 461 (Apr. 21, 1967) (statement of Hon. Joseph J. Sisco, Assistant Sec'y of State for Int'l Orgs. Affs.);[20] *Voluntary Contributions to International Organizations and Programs: Hearing Before the Subcommittee on Foreign Operations and Related Agencies*, 90th Congr. 1617 (May 26, 1967) (statement of David Popper, Acting Assistant Sec'y of State for Int'l Orgs. Affs.).[21]  The State Department also made clear in a report to the President that UNRWA was part of the "UN proper."  *See* Memorandum Prepared in the Department of State for the White House (May 29, 1953), *in* III *Foreign Relations of the United States 1952-1954: United Nations Affairs*, 70-71 (Ralph R. Goodwin & William Z. Slany eds., 1979).[22]

As one scholar recently stated, "there is little credibility to the new executive position, which is at variance with the reasoned views of all prior interpreters of the treaty."  Damrosch, *The Trump Administration Reverses U.S. Position*, *supra*, at 797.

## V.    This Case Must Be Dismissed for Lack of Personal Jurisdiction

The UN enjoys absolute "immunity from every form of legal process."  CPIUN art. II, § 2.  Plaintiffs do not dispute that, nor do they dispute that legal process includes service of process.  The CPIUN further provides that the "premises of the United Nations shall be inviolable" and therefore the premises of UNRWA, as a subsidiary organ of the UN, are equally

---

[20] https://babel.hathitrust.org/cgi/pt?id=umn.31951d020918173&seq=481.

[21] https://www.govinfo.gov/app/details/CHRG-90hhrg80177p2.

[22] https://history.state.gov/historicaldocuments/frus1952-54v03/d23.

inviolable.  CPIUN art. II, § 3.  Thus, UNRWA is immune from service of process absent a waiver of immunity by the UN.  *See id.*  Plaintiffs do not dispute that the UN has made no such waiver.  In fact, the UN has objected to attempts to serve UNRWA on the grounds that UNRWA is immune from service of process.  Therefore, no valid service of process has been carried out, and thus this court cannot exercise personal jurisdiction over UNRWA.  *See Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 78 (D.C. Cir. 2014).

### CONCLUSION

For the foregoing reasons, the Court should dismiss this case with prejudice.

Dated:  Washington, D.C.
        February 27, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

By:  */s/ Kevin A. Meehan*
Kevin A. Meehan (D.C. Bar No. 1613059)
Robert Groot (D.C. Bar No. NY0700)
Marwa Farag (D.C. Bar No. 90006158)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com

*Attorneys for Defendant United Nations
Relief and Works Agency for Palestine
Refugees in the Near East*