**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | |
|---|---|
| ESTATE OF SIVAN SHA'ARABANY, et al. | : |
| | : |
| Plaintiffs, | : |
| | : Civil Action No. 1:25-cv-02490-RCL |
| v. | : |
| | : |
| UNITED NATIONS RELIEF AND WORKS | : |
| AGENCY FOR PALESTINE REFUGEES IN | : |
| THE NEAR EAST (UNRWA), et al. | : |
| | : |
| Defendants. | : |
| ………………………………………………………: | |


**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO**
**DEFENDANT UNRWA'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS**


COME NOW the Plaintiffs, by and through counsel, and hereby file this Motion for Leave to file a Sur-Reply to Defendant UNRWA's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss. In accordance with this Court's local rules, Plaintiffs' counsel has sought the consent of Defendant's counsel to the relief sought. Defendant's counsel has advised that they do not consent to this Court granting Plaintiffs Motion for Leave to file a Sur-Reply.

In support of this Motion, Plaintiffs state that good cause exists because Defendant's Reply raises new factual assertions and legal arguments not presented in its Opening Brief, to which Plaintiffs have had no prior opportunity to respond. While Plaintiffs understand that sur-replies are generally disfavored, Plaintiffs believe the interests of fairness and to complete the record, warrants a Sur-Reply here. *Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C. 2001).

1

Defendant UNRWA's reply is more than twice the length of its initial brief and introduces over 50 new non-legal records to which Plaintiffs have had no opportunity, but should be entitled, to respond.  ECF No. 38 at v-viii, 8; *See Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir. 1999) (declining to consider new arguments raised in Reply, noting its length compared to the initial brief); *Agelli v. Burwell*, 164 F. Supp. 3d 69, 73 (D.D.C. 2016) (granting plaintiff's opposed motion for leave to file a sur-reply because the defendant attached one new record in its reply on summary judgment).  The new records have been introduced by Defendant UNRWA to support their newly raised arguments that (a) the Executive Branch's amicus brief in the 2nd Circuit *Estate of Siman Tov v. UNRWA* case is entitled to no deference; (b) the UN Charter drafting history supports Defendant UNRWA's contested assertion that the CPIUN's grant of immunity to the United Nations automatically extends to all General Assembly created entities; and (c) that the post-ratification understanding of the CPIUN signatories are reflected in submissions made in the context of an International Court of Justice (ICJ) advisory opinion.

As the cases upon which Defendant principally relies, both in its opening brief and in its reply, set forth: the views of the Executive Branch, drafting history and post-ratification understanding of signatories, are *the* primary tools beyond the text that courts consider in assessing the domestic legal effect of international instruments. *See e.g., Brzak v. United Nations*, 597 F.3d 107, 111 (2d Cir. 2010). But the Defendant made no arguments employing any of these tools in its initial brief.  ECF No. 27-1 at 7-9, n.3. Now, only after Plaintiffs pointed out that the holding of Defendant's heavily asserted *Estate of Siman Tov v. UNRWA* case rests on textual error in their Opposition Brief, does Defendant UNRWA introduce these several dozens of records in support of these three new arguments that were absent from its Opening Brief and now asserts that they provide the basis for dismissal. ECF No. 29 at 26.  These are new grounds, that could have and

should have been raised in its initial 9-page brief, speaking to how this Court should determine the central factual and legal dispute in this case: whether the CPIUN clearly displaces the IOIA definition of what constitutes an "international organization" entitled to immunity, which Plaintiffs show UNRWA unambiguously fails due to *inter alia* a lack of U.S. participation, and clearly extends immunity to UNRWA. These new arguments did not factor into the holding of the *Siman Tov* decision, thus they are truly new arguments in the context of this case that the Plaintiffs could not have reasonably responded to in their Opposition.

As these new points bear directly on threshold questions of subject-matter jurisdiction and the legal sufficiency of the Amended Complaint, this Court is entitled (and is requested) to disregard these new records entirely and may construe the Defendant's arguments about Executive Branch views, drafting history and post-ratification understanding as having been waived for being raised for the first time only on reply. *See Corson & Gruman Co. v. Nat'l Labor Relations Bd.,* 899 F.2d 47, 50 n. 4. (D.C.Cir.1990) (requiring parties to raise all of their arguments in their opening briefs "to prevent sandbagging"). However, if notwithstanding the waiver argument, the Court finds that the fact-intensive nature and high stakes of this dispute is such that it justifies this Court's consideration of an enhanced record, it may grant this Motion to afford Plaintiffs the opportunity, as proposed in the [attached] Sur-Reply, to address these newly referenced non-legal records and new arguments to assist with this Court's sound adjudication by promoting a complete and balanced record for decision without delaying the proceedings. *See United States v. Baroid Corp.,* 346 F. Supp. 2d 138, 143 (D.D.C. 2004); *Flynn v. Veazey Const. Corp.,* 310 F. Supp. 2d 186, 189 (D.D.C. 2004); *United States v. Worrell,* 2021 WL 2366934, at *10, n.8 (D.D.C. June 9, 2021).

Regarding the views of the Executive Branch, UNRWA now introduces over a dozen new records, which it claims to establish that the Executive Branch's authority on immunity is "not

entitled to deference." ECF No. 38 at 22-23. This is the precise type of "argumentation and information" that district courts have found to justify a sur-reply. *See Stormont-Vail Reg'l Med. Ctr. v. Sebelius*, 708 F. Supp. 2d 1178, 1179 (D. Kan. 2010) (granting motion for leave to file a sur-reply where the reply introduced for the first time that the government's position was entitled to no deference).

Also, the Defendant now asserts for the first time that the drafting history of the UN charter serves to define the CPIUN's conveyance of immunity to the "United Nations", such that the CPIUN's "plain text" conveys immunity to the Defendant as an entity subsequently created by General Assembly resolution. ECF No. 38 at 5. Plaintiffs' proposed Sur-Reply seeks to provide particular context for analyzing this document, to which the Defendant newly cites and which was not part of Defendant's original pleading.

Lastly, the Defendant now introduces more than twenty additional factual records asserting that they establish the signatories' post-ratification understanding. *Id.* at 8. Plaintiffs challenge the Defendant's introduction of these new records to establish post-ratification understanding and, in the alternative, submit this proposed sur-reply to challenge the Defendant's proposed application.

The Court should either disregard as waived the Defendant's new arguments and documents about Executive Branch authority, drafting history and post-ratification understanding or permit the filing of the proposed Sur-Reply to avoid manifest unfairness in not allowing the Plaintiffs to reply to these newly presented arguments. *Corson & Gruman,* 899 F.2d at 50 n. 4. Granting leave here will not prejudice Defendant UNRWA or cause undue delay. *Akers v. Beal Bank,* 760 F. Supp. 2d 1, 3 (D.D.C. 2011); *Buehner v. City of Cleveland*, 788 F. Supp. 3d 827, 864 n. 16 (N.D. Ohio 2025).

Here, Plaintiffs' Sur-Reply is concise, limited to new matters introduced by Defendant, and has been promptly filed after receipt of Defendant UNRWA's Reply.

WHEREFORE, for the reasons set forth above, and in the interests of justice, Plaintiffs respectfully request the Court determine that Defendant has waived the newly presented arguments or grant Plaintiffs' Motion and accept the Sur-Reply attached hereto as Exhibit A for filing by the Clerk in accordance with the Tendered Order attached hereto as Exhibit B.

Dated: March 9, 2026                                         Respectfully Submitted,


                                                            HEIDEMAN NUDELMAN & KALIK P.C.

                                                            By: /s/ *Joseph H. Tipograph*

                                                            Richard D. Heideman (No. 377462)
                                                            Noel J. Nudelman (No. 449969)
                                                            Tracy Reichman Kalik (No. 462055)
                                                            Joseph H. Tipograph (No.997533)
                                                            HEIDEMAN NUDELMAN & KALIK, PC
                                                            5335 Wisconsin Avenue, NW; Suite 440
                                                            Washington, DC  20015
                                                            Telephone: 202.463.1818
                                                            Facsimile: 202.463.2999