**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF SHA'ARABANY, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED NATIONS RELIEF AND WORKS AGENCY FOR PALESTINE REFUGEES IN THE NEAR EAST (UNRWA), *et al.*,<br><br>  Defendants. | Case No. 1:25-cv-02490-RCL<br><br>**Oral Argument Requested** |

**DEFENDANT UNRWA'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO FILE SURREPLY**

CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP

Kevin A. Meehan (D.C. Bar No. 1613059)
Robert Groot (D.C. Bar No. NY0700)
Marwa Farag (D.C. Bar No. 90006158)
Olivia J. Wang (D.C. Bar No. NY0709)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for Defendant United Nations*
*Relief and Works Agency for Palestine*
*Refugees in the Near East*

Dated: Washington, D.C.
 March 16, 2026

**TABLE OF CONTENTS**

**Page(s)**

**TABLE OF AUTHORITIES** ............................................................................................................ **ii**

**PRELIMINARY STATEMENT** ..................................................................................................... **1**

**ARGUMENT** .................................................................................................................................... **2**

    I.      UNRWA's Reply Did Not Raise Any New Issues and Merely Responded to the Arguments Raised by Plaintiffs in Their Opposition ........................................ 3

    II.    Granting Plaintiffs Leave to File a Surreply Would Be Prejudicial and Unhelpful ......................................................................................................... 10

**CONCLUSION** .............................................................................................................................. **11**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arpaio v. Obama*,
  797 F.3d 11 (D.C. Cir. 2015)............................................................................................ 4

\*  *Banner Health v. Sebelius*,
  905 F. Supp. 2d 174 (D.D.C. 2012) ............................................................................ 2, 3

\*  *Barnes v. District of Columbia*,
  No. 06-cv-315 (D.D.C. Sept. 5, 2012) ......................................................................... 3, 5

*Broidy Capital Mgmt. LLC v. Benomar*,
  944 F.3d 436 (2d Cir. 2019) ........................................................................................... 4

*Brzak v. UN*,
  597 F.3d 107 (2d Cir. 2010) ........................................................................................ 8, 9

\*  *Crummey v. Social Sec. Admin.*,
  794 F. Supp. 2d 46 (D.D.C. 2011) .............................................................................. 3, 6

*Crummey v. Social Sec. Admin.*,
  No. 11-5231, 2012 U.S. App. LEXIS 2309 (D.C. Cir. Feb. 6, 2012)............................. 3

*Est. of Siman Tov v. United Nations Relief & Works Agency*,
  No. 24 Civ. 4765, 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sept. 30, 2025) ....................... 2, 5

*Exxon Mobil Corp. v. Corp. Cimex, S.A.*,
  111 F.4th 12 (D.C. Cir. 2024)......................................................................................... 8

*Foremost-McKesson, Inc. v. Islamic Republic of Iran*,
  905 F.2d 438 (1990)...................................................................................................... 10

*Georges v. UN*,
  834 F.3d 88 (2d Cir. 2016) .............................................................................................. 8

*Glass v. LaHood*,
  786 F. Supp. 2d 189 (D.D.C. 2011).................................................................................. 3

*Glass v. LaHood*,
  No. 11-5144, 2011 U.S. App. LEXIS 24459 (D.C. Cir. Dec. 8, 2011) .......................... 3

*In re Hunter*,
  800 N.Y.S.2d 347 (N.Y. Sup. Ct. 2004)......................................................................... 8

\*  *Kiewit Power Constructors Co. v. Sec'y of Labor*,
   959 F.3d 381 (D.C. Cir. 2020)..................................................................... 2, 5, 10

*Kim v. United* States,
   707 F.3d 335 (D.C. Cir. 2013) ............................................................................. 5

*Kim v. United States*,
   840 F. Supp. 2d. 180 (D.D.C. 2012) .................................................................... 5

*Laventure v. UN*,
   746 F. App'x 80 (2d Cir. 2018) ............................................................................ 8

*Lempert v. Rice*,
   618 F. App'x 3 (D.C. Cir. 2015).......................................................................... 8

*Lempert v. Rice*,
   956 F. Supp. 2d 17 (D.D.C. 2013) ..................................................................... 8, 9

\*  *Millers Capital Ins. v. Hydrofarm, Inc.*,
   340 F.R.D. 198 (D.D.C. 2022)............................................................................. 3

*Sadikoğlu v. UN Dev. Programme*,
   No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011) ........... 8

*Theus v. Selene Fin. LLC*,
   98 F. Supp. 3d 22 (D.D.C. 2015)......................................................................... 4

**Treaties**

Convention on the Privileges and Immunities of the United Nations,
   Feb. 13, 1946, 21 U.S.T. 1422............................................................................. 8

UN Charter,
   59 Stat. 1031 ...................................................................................................... 7

**Rules**

LCvR 7.................................................................................................................. 2

Defendant UNRWA submits this Opposition to Plaintiffs' Motion for Leave to File a Surreply to Defendant UNRWA's Motion to Dismiss.[1]

### PRELIMINARY STATEMENT

Surreplies are disfavored and will only be granted when necessary to address matters raised for the first time in the movant's reply where such new matters are outside the scope of issues raised in the opening and opposition briefs. UNRWA's opening brief argues that this case must be dismissed for lack of jurisdiction on the grounds that UNRWA is entitled to absolute immunity under the CPIUN and it is undisputed that there has been no express waiver of UNRWA's immunity. The Reply makes this same argument. No new matters were raised in UNRWA's Reply. Many of the matters in the Reply that Plaintiffs claim are "new" were, in fact, raised in UNRWA's opening brief. The others are directly responsive to issues raised for the first time in Plaintiffs' Opposition. There is nothing in the Reply that warrants additional briefing.

Although Plaintiffs accuse UNRWA of "sandbagging", ECF No. 41 at 3, it is Plaintiffs who have consistently sought to tactically elide the immunity issue. Plaintiffs were well aware of UNRWA's position on immunity before they commenced this action. Plaintiffs' counsel appeared in *Est. of Siman Tov v. United Nations Relief & Works Agency*, No. 24 Civ. 4765, 2025 U.S. Dist. LEXIS 194505, at *15-16 (S.D.N.Y. Sept. 30, 2025) ("*Siman Tov*") (an indistinguishable case) and filed an *amicus* brief in September 2024, months before filing this action. In that brief, Plaintiffs' counsel argued on behalf of *amici* that UNRWA was not immune under the CPIUN and the IOIA. StandWithUs Amicus Br. at 4-5, *Siman Tov*, 2025 U.S. Dist.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in UNRWA's opening brief. ECF No. 27-1.

LEXIS 194505 (No. 24-cv-04765), ECF No. 27-1.  Nevertheless, the Complaint, which was filed in July 2025, does not cite the CPIUN or the IOIA.  It does not even mention immunity – much less offer any arguments for abrogating immunity.  ECF No. 27-1 at 5-6.  In November 2025, after *Siman Tov* dismissed identical claims against UNRWA on immunity grounds under the CPIUN,[2] Plaintiffs filed their Amended Complaint, which again fails to mention the CPIUN, the IOIA or immunity.  *See* ECF No. 14-1.

Even after UNRWA filed its Motion to Dismiss and asserted its absolute immunity under the CPIUN, Plaintiffs chose to largely ignore the CPIUN in their Opposition.  Instead, Plaintiffs' Opposition focuses almost exclusively on the IOIA and erroneously asserts that the IOIA prevails over the CPIUN.  But, as UNRWA has explained, Plaintiffs' argument is foreclosed by case law as courts have consistently held that the CPIUN grants absolute immunity regardless of the IOIA, including the Supreme Court in *Jam*.  Plaintiffs now want a redo and ask for a surreply to revisit arguments in their Opposition and address matters raised in UNRWA's opening brief that Plaintiffs previously chose to ignore.  That is not permitted.

## ARGUMENT

Ordinarily, there are at most three memoranda associated with any given motion: (1) the movant's opening memorandum; (2) the non-movant's opposition; and (3) the movant's reply. *See* LCvR 7; *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012).  Surreplies are generally disfavored.  *Kiewit Power Constructors Co. v. Sec'y of Labor*, 959 F.3d 381, 393 (D.C. Cir. 2020).  A non-movant may seek leave to file a surreply only when necessary to address "matters raised for the first time" in a movant's reply.  *See Banner Health*, 905 F. Supp.2d at

---

[2] The Court considered and dismissed arguments raised by Plaintiffs' counsel.  *Siman Tov*, at *15-16 (S.D.N.Y. Sept. 30, 2025).

187.  In deciding whether to grant such leave, courts typically consider "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted."  *Barnes v. District of Columbia*, No. 06-cv-315 at 1 (D.D.C. Sept. 5, 2012) (memorandum and order), Dkt. No. 386 (quoting *Glass v. LaHood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011), *aff'd*, No. 11-5144, 2011 U.S. App. LEXIS 24459 (D.C. Cir. Dec. 8, 2011)).  When new arguments raised in a reply fall within "the scope of the issues" presented in the opposition, a surreply is denied.  *Banner Health* at 188 (citing *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 U.S. App. LEXIS 2309 (D.C. Cir. Feb. 6, 2012)); *Millers Capital Ins. v. Hydrofarm, Inc.*, 340 F.R.D. 198, 207 n.4 (D.D.C. 2022).

Here, Plaintiffs fail to satisfy any of these factors.  The "new" arguments they purport to identify were either raised previously in UNRWA's opening brief, or raised "directly in response to [] argument[s]" raised in Plaintiffs' Opposition.  *Barnes*, No. 06-cv-315 at 2 (cleaned up).  There is nothing improper about these arguments.  Nor would Plaintiffs' Proposed Surreply be helpful to the Court because the Proposed Surreply largely rehashes Plaintiffs' Opposition and the new arguments it raises are wrong on the law.  Granting leave would also prejudice UNRWA by giving Plaintiffs the unfair procedural advantage of having the last word on UNRWA's Motion to Dismiss and depriving UNRWA of the chance to address Plaintiffs' new arguments.

## I.      UNRWA's Reply Did Not Raise Any New Issues and Merely Responded to the Arguments Raised by Plaintiffs in Their Opposition

UNRWA's opening brief properly set out the basis for dismissal for lack of subject matter and personal jurisdiction: UNRWA is a subsidiary organ of the United Nations entitled to absolute immunity under the CPIUN, as confirmed by the *Siman Tov* decision and an unbroken

line of prior authority.  *See* ECF No. 27-1 at 4-9.  Plaintiffs' Complaint does not even mention the CPIUN, the IOIA or the UN Charter, much less articulate any theory for abrogating UNRWA's absolute immunity.  In fact, the word immunity is found nowhere in the Complaint. UNRWA was not required to anticipate and preemptively rebut any hypothetical basis for jurisdiction that Plaintiffs might assert for the first time in their opposition, particularly since it is Plaintiffs' obligation to present their theory of jurisdiction.  *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); *Theus v. Selene Fin. LLC*, 98 F. Supp. 3d 22, 25 (D.D.C. 2015); *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 (2d Cir. 2019).

Plaintiffs falsely claim that the Reply introduced "over 50 new non-legal records."  ECF No. 41 at 2.  But UNRWA did not append any exhibits to its Reply.  In fact, all documents referenced in the Reply were legal authorities bearing on treaty interpretation, such as General Assembly resolutions, advisory opinions of the ICJ, legal scholarship and other secondary sources.  Many of these authorities were cited in UNRWA's opening brief.  None of them are factual exhibits, and they raise no factual issues requiring further exploration by the parties. UNRWA has asserted a facial challenge to jurisdiction that does not raise any factual issues. ECF 27-1 at 5 n.1.  UNRWA has demonstrated that, as a matter of law, it is entitled to absolute immunity from the jurisdiction of domestic courts under the CPIUN.  It is undisputed that there has been no express waiver of UNRWA's immunity.  ECF No. 38 at 4.  The only issue before the Court is Plaintiffs' request for novel judicially created exceptions and modifications to the absolute immunity conferred under the CPIUN.  That is a legal, not factual, issue.  And, as UNRWA has already shown, no such exceptions exist and, as a matter of law, domestic courts of UN Member States cannot modify the provisions of the CPIUN, a multilateral treaty that is binding on all parties to the CPIUN, including the United States.

- 4 -

Plaintiffs' first supposed example of a "new" argument in UNRWA's Reply is the argument that no deference is owed to the Government's *amicus* brief in *Siman Tov*. Plaintiffs assert that UNRWA "could have and should have" raised this argument in its Motion to Dismiss. ECF No. 41 at 2-3. But UNRWA could not have done so because the Government did not even file its *amicus* brief until weeks later. ECF No. 27 (UNRWA filed Jan. 7, 2026); ECF No. 29-2 (U.S. Government filed Jan. 29, 2026).[3] It was then Plaintiffs who placed the Government's *amicus* position at the center of their Opposition and argued that the U.S. Government's position was entitled to deference. ECF No. 29 at 7, 19-23, 25-27. UNRWA was thus entitled to respond to these newly asserted arguments on Reply particularly where Plaintiffs failed to provide adequate history and context of the Government's position in *Siman Tov*. *See Kiewit*, 959 F.3d at 393 ("[T]o the extent the [movant] adopted any 'new' positions, he was simply responding to contentions made by [the non-movant]. This is the very nature of a reply brief."); *Barnes*, No. 06-cv-315 at 2 ("to the extent that [movants] raise anything 'for the first time' in their reply, they do so 'directly in response to an argument by the [non-movant]'") (quoting *Kim v. United States*, 840 F. Supp. 2d. 180, 191 (D.D.C. 2012), *aff'd*, 707 F.3d 335 (D.C. Cir. 2013)).

Indeed, UNRWA was entitled to point out the fact that the district court in *Siman Tov* had already rejected the Government's position. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *12-13, *24-25.[4] UNRWA was also entitled to show that the Government has submitted conflicting positions in the *Siman Tov* case and that the Government's current position is not

---

[3] Plaintiffs even suggest that UNRWA has waived any arguments regarding the Government's brief by failing to address the Government's brief before that brief was even filed. That is absurd.

[4] Neither the Complaint nor Plaintiffs' briefing cite any of the Government's district court briefings in *Siman Tov*.

entitled to any weight as it is inconsistent with the text, structure and purpose of the CPIUN. ECF No. 38 at 20-23.  UNRWA was also entitled to explain that the Government's positions in *Siman Tov* are fundamentally inconsistent with those of Plaintiffs.  *Id.* at 20.[5]  Plaintiffs' proposed Surreply does not address any of this.  It merely seeks to rehash the same argument asserted in Plaintiffs' Opposition concerning deference to the Executive Branch and is therefore clearly improper.  *Crummey*, 794 F. Supp. 2d at 63 ("Simply put, a surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties.").

Plaintiffs' second supposed example of a "new" argument in UNRWA's Reply is that the drafting history of the UN Charter further establishes that the term "the United Nations" encompasses principal and subsidiary organs.  ECF No. 41 at 4.  However, UNRWA asserted in its opening brief that Articles 7 and 22 of the UN Charter confirm that subsidiary organs, such as UNRWA, are entitled to absolute immunity.  ECF 27-1 at 7.  In the Opposition, Plaintiffs argue that nothing in the UN Charter confers immunity on subsidiary organs and that the CPIUN and UN Charter "confer[] entity-level immunity on the United Nations" while excluding the UN's constituent principal and subsidiary organs.  ECF No. 29 at 22-24.  Having raised this interpretive question, Plaintiffs cannot complain that UNRWA answered it by using the common interpretive tool of drafting history. To put a finer point on it, it is simply not credible for Plaintiffs to argue in their Opposition that "nothing in the Charter's immunity provision, Article 105, indicates that the UN's immunity extends to 'subsidiary organs,'" ECF No. 29 at 24,

---

[5] The Government acknowledges that the UN's subsidiary organs are entitled to immunity under the CPIUN and thus rejects Plaintiffs' contention that the CPIUN's grant of immunity somehow excludes the UN's principal and subsidiary organs.  ECF No. 29-2 at 14 n.3.  The Government also rejects Plaintiffs' position that the CPIUN does not "displace" the IOIA with respect to the UN's immunity and instead agrees with UNRWA that the CPIUN provides for the UN an independent source of immunity distinct from the IOIA.  *Id.* at 12.

and then feign surprise when UNRWA cites the drafting history of Article 105 to prove that the UN's immunity extends to subsidiary organs.  ECF No. 38 at 5.

Regardless, Plaintiffs now assert that the drafting history supposedly shows that the UN Charter distinguishes between the terms "United Nations" and "the Organization."  ECF No. 41-1 at 4.  That is an argument that Plaintiffs could have, and should have, raised in their Opposition in response to UNRWA's invocation of the UN Charter in its opening brief.  ECF 27-1 at 7.  In any event, Plaintiffs' assertion that "the Organization" "encompasses principal and subsidiary organs" but "United Nations" does not is absurd.  ECF No. 41-1 at 4.  That interpretation would render the CPIUN's grant of immunity to the "United Nations" a nullity by excluding both the principal and subsidiary organs.  The UN Charter established only one organization, the "international organization to be known as the United Nations."  UN Charter pmbl.  The terms "United Nations" and "Organization" are used interchangeably throughout the UN Charter and cannot sensibly be read to have different meanings.[6]  Moreover, excluding principal and subsidiary organs from the "United Nations" would leave the UN an empty shell with nothing left for the CPIUN to immunize.

Plaintiffs' third supposed example of a "new" argument in UNRWA's Reply is that the post-ratification understanding of UN Member States, as demonstrated by their written submissions in the *Obligations of Israel* case before the ICJ, is that UNRWA is covered by CPIUN immunities.  However, Plaintiffs themselves put at issue the post-ratification understanding of Member States by falsely asserting that agreements between UNRWA and

---

[6] For example, Article 1 states "[t]he Purposes of the United Nations are . . ." then Article 2 states "The Organization and its Members, in pursuit of the Purposes stated in Article 1, shall act . . . ."  Clearly the referenced "Members" are members of the "United Nations," not a different, undefined organization with a separate list of members.  UN Charter arts. 1-2.

Member States designed to facilitate UNRWA's operations somehow implies that those Member States did not recognize UNRWA's immunity under the CPIUN. ECF No. 29 at 23; ECF No. 38 at 9. UNRWA was therefore entitled to respond.

Plaintiffs then go on a tangent by arguing for the first time that the ICJ opinion in *Obligations of Israel* is not binding on U.S. courts. ECF No. 41-1 at 8. This argument is plainly improper on surreply because UNRWA raised this ICJ opinion in its opening brief, ECF No. 27-1 at 8, and Plaintiffs did not address it at all in their Opposition. Regardless, the ICJ's opinion should be considered as authoritative because the ICJ is responsible for settling disputed interpretations of the CPIUN, *see* CPIUN art. VIII, § 30, and its opinions "are 'accorded great weight' in understanding the content of international law." *See Exxon Mobil Corp. v. Corp. Cimex, S.A.*, 111 F.4th 12, 27 (D.C. Cir. 2024).

Plaintiffs also seek to address certain cases cited by UNRWA holding that subsidiary organs of the UN are entitled to absolute immunity under the CPIUN: *Brzak v. UN*, 597 F.3d 107 (2d Cir. 2010); *Laventure v. UN*, 746 F. App'x 80 (2d Cir. 2018); *Georges v. UN*, 834 F.3d 88 (2d Cir. 2016); *Lempert v. Rice*, 956 F. Supp. 2d 17 (D.D.C. 2013), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015); *Sadikoğlu v. UN Dev. Programme*, No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011); *In re Hunter*, 800 N.Y.S.2d 347 (N.Y. Sup. Ct. 2004). All of these cases (and other similar cases) were repeatedly cited throughout UNRWA's opening brief. ECF No. 27-1 at 4-7, 9. Plaintiffs did not even cite, let alone address, *Brzak*, *Georges* or *Laventure* in their Opposition. In their Opposition, Plaintiffs argued that the subsidiary organs in *Lempert*, *Sadikoğlu* and *Hunter* would have met the definition of an "international organization" under the IOIA, but conceded that those cases never actually addressed, let alone ruled upon, the issue. ECF No. 29 at 26-27. UNRWA's Reply explained that to the extent those cases even addressed

the IOIA, they held that the CPIUN is an independent source of absolute immunity to subsidiary organs without regard for any other immunity that might be available under the IOIA. ECF No. 38 at 15-16. It further demonstrated that any supposed requirements of IOIA immunity are irrelevant. *Id.* at 14-20. Despite having previously admitted in their Opposition that these cases never addressed the supposed threshold requirements of the IOIA, ECF No. 29 at 26-27, Plaintiffs now falsely represent to the Court that all of these cases "made a *prima facie* determination" that the subsidiary organ in question was entitled to immunity under the IOIA. ECF No. 41-1 at 5. In fact, no court has ever made such a determination as a pre-condition to CPIUN immunity. ECF No. 38 at 17-18. To the contrary, courts have uniformly held that the CPIUN provides an "independent source of the UN's absolute immunity" that must be upheld "even if the IOIA does not confer immunity." *See, e.g.*, *Lempert*, 956 F. Supp. 2d at 25; *see also* ECF No. 38 at 17-18 (collecting cases).[7] In any event, Plaintiffs cannot ask for a surreply to address cases cited in UNRWA's opening brief.

Finally, Plaintiffs complain about the length of the Reply, ECF No. 41 at 2, but UNRWA was entitled to use as much space as it needed within the page limit to fully address Plaintiffs' Opposition, which is in any case considerably longer than UNRWA's Reply. The brevity of UNRWA's opening brief reflects the fact that Plaintiffs failed to address the issue of immunity in the Complaint. It also reflects the simplicity of the issue before the Court: UNRWA is entitled to

---

[7] Plaintiffs also misrepresent *Brzak v. UN*, 597 F.3d 107 (2d Cir. 2010), by stating that it did not recognize the CPIUN immunity of UNHCR, but rather only the immunity of its officials. ECF No. 41-1 at 5. Plaintiffs ignore that the Second Circuit found these officials were immune because their status as UNHCR officials made them "United Nations officials" and therefore encompassed within the UN's immunities. *Brzak*, 597 F.3d at 113. If UNHCR were not part of the UN, there would have been no basis for immunity.

absolute immunity and therefore this case must be dismissed for lack of subject matter jurisdiction.

## II.    Granting Plaintiffs Leave to File a Surreply Would Be Prejudicial and Unhelpful

UNRWA has a substantial interest in the prompt dismissal of the case on immunity grounds. Jurisdictional immunity is a protection from the burdens of litigation itself. *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (1990). Every additional round of briefing erodes that protection and forces UNRWA to expend additional resources. Permitting a surreply would be particularly prejudicial here, because any purported disadvantage to Plaintiffs is of their own making by having strategically waited until their Opposition to address UNRWA's immunity. *See supra*, at 1-2. Plaintiffs should not be rewarded for their gamesmanship.

Granting Plaintiffs leave to file another brief would further prejudice UNRWA by allowing Plaintiffs to advance disagreements while denying UNRWA a fair opportunity to respond. *Kiewit*, 959 F.3d at 393 (cautioning against risks of "opening the door to any litigant that disagrees with the opposing party's arguments to evade the standard briefing requirements and gain the last word."). Allowing leave would be particularly prejudicial to UNRWA and unhelpful given Plaintiffs' history of misrepresentations. Plaintiffs falsely stated that there were no cases holding that the CPIUN displaces the IOIA (ECF No. 29 at 23) when, in fact, courts have consistently held that the CPIUN displaces the IOIA, including the Supreme Court in *Jam*. ECF No. 38 at 14-16. Plaintiffs similarly misrepresented the legislative history of the CPIUN. *Compare* ECF No. 29 at 6 ("Nothing in the CPIUN's . . . ratification history reflects" "an intent by Congress to displace the [IOIA].") *with* ECF No. 38 at 16 (citing S.J. Res. 136, 80th Cong. (1947)). As explained above, instead of correcting these prior misrepresentations, Plaintiffs'

- 10 -

Proposed Surreply inexplicably doubles down by mischaracterizing the overwhelming case law holding that subsidiary organs are entitled to absolute immunity under the CPIUN.  *See supra* at 8-9; ECF No. 41-1 at 5.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the motion.  Alternatively, should the Court grant the motion, UNRWA respectfully requests leave to respond with a sur-surreply of no more than 10 pages.


Dated:  Washington, D.C.
      March 16, 2026

Respectfully submitted,

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP

By:  */s/ Kevin A. Meehan*_____
Kevin A. Meehan (D.C. Bar No. 1613059)
Robert Groot (D.C. Bar No. NY0700)
Marwa Farag (D.C. Bar No. 90006158)
Olivia J. Wang (D.C Bar No. NY0709)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 452-7373
Fax: (202) 452-7333
kmeehan@curtis.com
rgroot@curtis.com
mfarag@curtis.com
owang@curtis.com

*Attorneys for Defendant United Nations*
*Relief and Works Agency for Palestine*
*Refugees in the Near East*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the ECF system and thereby served upon all counsel of record, including counsel for Plaintiffs.

　　　　　　　　　　　　　　　　　　　　　　　　__*/s/ Kevin A. Meehan*_____
　　　　　　　　　　　　　　　　　　　　　　　　Kevin A. Meehan

Dated: March 16, 2026