**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


| | |
|---|---|
| ESTATE OF SIVAN SHA'ARABANY, et al. | : |
| | : |
| Plaintiffs, | : |
| | : Civil Action No. 1:25-cv-02490-RCL |
| v. | : |
| | : |
| UNITED NATIONS RELIEF AND WORKS | : |
| AGENCY FOR PALESTINE REFUGEES IN | : |
| THE NEAR EAST (UNRWA), et al. | : |
| | : |
| Defendants. | : |

……………………………………………………:

**PLAINTIFFS' REPLY TO DEFENDANT UNRWA'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Defendant UNRWA argues that Plaintiffs' Proposed Sur-Reply does not respond to new issues raised in Defendant UNRWA's Reply but rather further addresses arguments made in Plaintiffs' Opposition to Defendant UNRWA's Motion to Dismiss.  This is not true.  Defendant UNRWA claims that it raised in its Motion to Dismiss the narrow and central question of whether the "United Nations," as the term is used in the CPIUN, should be understood to understood to include any and all subsequent entities that the General Assembly created and labeled as "subsidiary organs" such as UNRWA.  In support of this position, Defendant UNRWA refers to its opening brief where it cited two distinct and unlinked parts of the UN Charter:

(1) **Subsidiary Organs**: Articles 7 and 22 establish that the General Assembly may establish subsidiary organs necessary for its functions; and

(2) **Immunity**: Article 105 says "the *Organization* shall enjoy . . . immunities as are necessary for the fulfilment of its purposes."

1

Plaintiffs argued in their Opposition to the Motion to Dismiss that Defendant UNRWA failed to establish how these distinct and unlinked UN Charter Articles, each with limitations on their application denoted by the phrase "as necessary," reflect that the term "United Nations" as used in the CPIUN should be understood to broadly immunize every entity that the General Assembly subsequently creates and labels a subsidiary organ.

Defendant UNRWA in its Reply then introduced UN Charter drafting history to support its position. Plaintiffs are entitled to respond to this newly introduced drafting history. As explained in the Proposed Sur-Reply, the drafting history that Defendant UNRWA introduced does not provide the missing link to confer immunity. Instead, it introduces another break in the chain, by stating that the term "the Organization"—but not the "United Nations"—should be understood to encompass both the United Nations, and its organs. By waiting until the Reply to introduce this UN Charter drafting history, Plaintiffs had no prior opportunity to address the UN Charter drafting history and to point out that the CPIUN intentionally confers immunity narrowly to the "United Nations" instead of broadly to the "Organization."

In their Proposed Sur-Reply, the Plaintiffs present this important point narrowly citing the text of the operative documents, case law applying the relevant cannons of construction, and the very cases to which Defendant UNRWA claims to cite in further support. ECF No. 41-1 at 4-5.[1] It is important to explain to the Court that the issue is not whether the CPIUN *could* be interpreted as extending immunity to UNRWA—Plaintiffs' recognize that courts in the past have indeed extended the United Nations' immunity to other entities under the CPIUN—but rather whether the

---

[1]  Defendant UNRWA's further contention now that "excluding principal and subsidiary organs from the 'United Nations' would leave the UN an empty shell with nothing left for the CPIUN to immunize" continues down this path, ignoring that—unlike here where Defendant UNRWA, and not the United Nations, is the named defendant—the United Nations *is* the named defendant in the very cases upon which Defendant UNRWA's arguments relies. *See e.g., Brzak v. UN*, 597 F.3d 107 (2d Cir. 2010); *Georges v. UN*, 834 F.3d 88 (2d Cir. 2016); *Laventure v. UN*, 746 F. App'x 80 (2d Cir. 2018); ECF No. 38 at ii-iii.

text of the CPIUN *compels* this Court to do so here, where three key distinguishing factors are present: (a) the Plaintiff challenges the extension of UN immunity to UNRWA, (b) the Executive Branch interprets the CPIUN as not extending UN immunity to, and (c) Congress has effectively legislated UNRWA's ineligibility for immunity under the IOIA.  These facts raise the inquiry from what the CPIUN permits to what it compels, due to two separate common law holdings: (1) that when a treaty and statute cover the same subject matter, courts must first attempt to read them harmoniously before applying later in time, conflict-breaking, principles; *Whitney v. Robertson*, 124 U.S. 190, 194 (1888); and (2) that the Executive Branch's interpretations are to be given "great weight", regardless of whether they conflict with prior positions, so long as such interpretations are consistent with treaty text, *Sumisoto Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 184 n.10 (1982). Thus, to the extent that Defendant UNRWA may introduce UN Charter drafting history in its Reply to argue that the CPIUN's use of the term "United Nations" *must* be understood to include UNRWA, Plaintiffs should at the very least be entitled to point out that the drafting history actually defines a different term that was not used in the CPIUN provision conferring immunity.

Defendant UNRWA also argues it could not have taken its position that this U.S. Government determination is "entitled to no deference" in the brief supporting its Motion to Dismiss, because the U.S. Government had not yet filed its 2nd Circuit *amicus brief* at the time. Plaintiffs agree, and thus Plaintiffs could not contest Defendant UNRWA's "no deference" claim until after it was presented for the first time in its Reply. Plaintiffs should, however, have an opportunity to address this new argument in a sur-reply. Plaintiffs' Proposed Sur-Reply contests this point narrowly, primarily in a single sentence citing to only Defendant UNRWA's own cited cases and prior positions that U.S. Government determinations of international organization immunity must be given "great weight." ECF No. 41-1 at 1, n. 1-3.

3

Defendant UNRWA also claims that the "over 50 new non-legal records" it introduced in the Reply were "legal authorities…, many of [which] were cited in [its] opening brief." ECF No. 43 at 4. The Table of Authorities ("TOA") of Defendant UNRWA's Opening Brief lists 11 "UN Documents," and one "Other Authorities." ECF No. 27-1 at iii-iv. The TOA of Defendant UNRWA's Reply lists 25 "UN Documents," and 26 "Other Authorities." ECF No. 38 at v-viii.  On top of that, Defendant UNRWA's Reply introduces another 20 similar "Other" authorities that it omitted from the TOA. *Id.* at 8. Out of the 70-plus sources included in UNRWA's Reply, only two were introduced by Plaintiffs. *Id.* at v.  To this end as well, Plaintiffs' Proposed Sur-Reply is focused, addressing only five of the newly introduced sources, and confining their arguments in response to stay within the sources' scope.

Finally, UNRWA asserts in its proposed Opposition that Plaintiffs did not allege immunity in their Amended Complaint.  However, they cite no case holding that Plaintiffs were required to do so, as no such requirement exists.  The D.C. Circuit "consistently (and intuitively)" classifies claimed international organization immunity as a "defense." *See, e.g., World Wide Minerals, Ltd. v. Republic of Kazakhstan,* 296 F.3d 1154, 1161 n. 10 (D.C. Cir. 2002) (analyzing sovereign immunity "defense"); *see also Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 209–10 (2019) (linking international organizational immunity to sovereign immunity standards). A plaintiff seeking relief has no obligation to anticipate and negate a possible affirmative defense, including claimed international organization immunity. *See, e.g., Flying Food Grp., Inc. v. NLRB,* 471 F.3d 178, 183 (D.C. Cir. 2006); *Shelby Cnty., Alabama v. Holder*, 43 F. Supp. 3d 47, 53 (D.D.C. 2014); *Jam*, 586 U.S. at 209–10.

4

At no point in any of its briefs, including its most recent, has Defendant UNRWA identified any statute, treaty or any other binding authority establishing that Defendant UNRWA is entitled to immunity here.

The Court need not grant Plaintiffs' Proposed Sur-Reply to observe the abundant contradictions and mischaracterizations across Defendant UNRWA's new arguments and documents. This Court is entitled and encouraged to construe these arguments as waived for having been introduced in a Reply, or in the alternative it is requested to grant Plaintiffs' Motion for Leave to File a Sur-Reply.

Dated:  March 20, 2026                          Respectfully Submitted,


                                                HEIDEMAN NUDELMAN & KALIK P.C.

                                                By: */s/ Joseph H. Tipograph*

                                                Richard D. Heideman (No. 377462)
                                                Noel J. Nudelman (No. 449969)
                                                Tracy Reichman Kalik (No. 462055)
                                                Joseph H. Tipograph (No.997533)
                                                HEIDEMAN NUDELMAN & KALIK, PC
                                                5335 Wisconsin Avenue, NW; Suite 440
                                                Washington, DC  20015
                                                Telephone: 202.463.1818
                                                Facsimile: 202.463.2999